Parker, C. J.,
delivered the opinion of the Court. Whether this note or promise was ever assigned, so as to enable Cook or Raynes to maintain an action against the promissor, even in the name of Willis, the minority of Willis being put out of the question, we need not now determine. There was no assignment in writing, nor any signature of Willis on the instrument, over which an assignment could be written, nor any promise by Twambly to pay any person but Willis. Whether the mere manual delivery of the evidence of a contract, although intended to operate as a sale or transfer, could authorize a suit in the name of Willis, is a question of some doubt.
But we are all clearly of opinion, that, had the assignment been ever so formal, it might be rescinded by the minor, it being a contract by which he could not be bound ; and that the note ceased to be the property of Cook, from the time when he was notified by Willis, that he considered the bargain void, and was tendered the watch, which was the consideration of the bargain. The settlement made by Twambly, when he gave a new note in lieu of this, discharged him from liability on this contract. For, although he then knew that the note had passed to Cook ; yet he had a right to consider the property of it as still remaining with Willis; it not being negotiable in its nature, and the transfer having been vacated. Between Cook and Twambly there could be no question. * Nor do we think that Raynes stands in a better light.
Every man, who takes an instrument not by the terms of t assignable, must take it principally upon the credit of the party from whom he receives it ; for it is always liable to be defeated by equitable circumstances, subsisting between the original contracting parties; the assignee being subject to the same equity as the assignor. Twambly’s defence against Cook would have been perfect by show ing a payment of the note to Willis, after notice to Cook that the bargain was recalled. And he has the same defence against Raynes, who, purchasing the note without the name of Willis upon it, ought to have inquired into the title of Cook, and to have applied to Willis himself, to know whether he had fairly parted with it, in order to save himself from loss.
The affirmation of Cook, however, may entitle Raynes to an action against him, that affirmation appearing to be false.
*169 Whether the indorsement by an infant of a negotiable promissory note, or other mercantile instrument, can be avoided, so as to prejudice a bona fide indorsee, who is ignorant of the minority of the indorser, is a different question from the one now presented, and may require further consideration.
In the case brought before us by this writ, there is no error affecting the judgment, in the opinion of the Court as delivered to the jury , and the judgment must, therefore, be affirmed, with costs for the defendant in error.