Barney *vs.* Bliss et al.

A tender of specifick articles by the debtor, at time and place of payment, is a discharge of the contract. The creditor cannot, by neglecting to attend at time and place, to receive the property, deprive the debtor of the privilege of discharging his contract. And a tender of specifick articles, at the time and place appointed by the contract, may be made by the debtor to the creditor, in his absence, if he neglect to attend, and such tender will discharge the contract, and vest the property of the articles tendered in the creditor.

And as the law requires that the debtor do all in his power to perform, a plea that the debtor had the property ready, at time and place, and there remained through the day, ready to deliver the same, but the creditor did not attend to receive it, and that the property is still ready for the creditor, if he *will* receive it, is insufficient.

THIS was an action of *assumpsit* on a note of hand, made and executed by the defendants, bearing date the 18th of April, 1814, in and by which the defendants, for value received promised the plaintiff to pay him ten thousand feet of good merchantable pine boards, on the first day of October, 1819, at the saw-mill in Jericho, hired by the defendants of the plaintiff.

The defendants pleaded in bar, That on the day mentioned in said note for the payment thereof, to wit, on the first day of October, 1819, at the place in said note mentioned for the payment thereof, they the defendants had ten thousand feet of good merchantable pine boards sawed and prepared for the payment of said note, and were ready then and there to have paid the same, and remained there at said mill, on said first day of October, 1819, through the day, for the purpose of delivering the same, until the going down of the sun, but the said Truman did not come to receive the same ; and said boards ever since have been, and still are ready for said Truman, to wit, at the mill aforesaid, if he will take the same.

*Griswold* and *Follet* for the plaintiff. The question raised in this case is, whether an ability, and a mere readiness on the part of the defendant, to pay in specifick articles at the time and place appointed for the payment, unaccompanied with any other act, is of itself a a sufficient fulfilment of the contract on his part, when the plaintiff does not attend to receive the payment. We contend,

1. That in all contracts where the consideration is executed, as

*Chittenden,*
*January,*
*1824.*

*Barney*
*vs.*
*Bliss et al.*

in the present case, the contract is complete and debt absolute—no condition precedent to be performed on the part of the plaintiff, nor is his presence necessary, to enable the defendant to perform his part of the contract, so far as to discharge himself from it. And in such case, the plaintiff, in order to constitute a good cause of action, need not aver in his declaration that he was ready at the time and place, to receive the payment, or make any proof of such readiness.

2. But when the consideration is executory, and the defendant's performance is to depend on some act to be done or forborne by the plaintiff, the plaintiff must aver and prove performance on his part, or render some excuse for the non-performance. 1 Chit. 309.

3. All contracts are to be construed most strongly against the contractor, and the plaintiff in this case, has a *right to hold the defendants to a strict performance of their contract.* And, in order to discharge themselves from an obligation payable in specifick articles, they should not only be ready with the property at the time and place appointed, but in case the plaintiff do not attend, make an actual designation of it, and set it apart, so as to vest the property in the plaintiff, that he may have the control of it when he shall chuse. It is always the duty of a debtor to do all in his power to fulfil his contract. Bray. R. 224, McConnel *v.* Hall.—Same 227, Wood *v.* Beeman. Swift's Digest 290.

4. An averment [of a mere ability and readiness to perform a contract, without any other act done, is certainly too vague and uncertain to furnish any evidence of an actual performance—much less to operate as a complete discharge of the debt.

5. If the property is not designated, and separate from other property, and proof at hand of the designation, and of the quantity and quality of the articles, the creditor has no means of ascertaining or identifying the property intended to be paid to him, or whether he ought to accept it in payment or not. And if not designated on the day stipulated, any designation or tender of it afterwards could not avail him.

6. When the property is to be delivered at the creditor's house after a legal tendry made, the debtor is not bound to take any further care of it.—1 Swift's Dig. 294. In this case the boards were

to be delivered at the plaintiff's mill.   If then the doctrine contend- *Chittenden,*
ed for by the defendants be correct, they need only have the prop-  J-nuary,
erty on hand, at the time and place appointed, and express a readi-  '824
ness to pay, and their debt is thereby discharged, and the property  B. rney
left, of whatever nature it might be, to be squandered or lost, with-  *vs.*
out any responsibility on the part of the debtors.   And the injury  Bliss et al.
which consequently accrues to the plaintiff, must operate as a pun-
ishment, for non-attendance, although he might have a justifiable
excuse for his neglect.   A principle so absurd, it is believed can-
not be maintained.   The law having imposed no duty on the plain-
tiff to perform, he surely ought not to suffer so severely for the pur-
pose of establishing a new principle, contrary to all former prece-
dent in this State.   If a better principle could now be establish-
ed, let the Legislature, not the Courts interfere, and correct the
supposed evil.

*Adams* for the defendants.   We contend that the facts disclosed
in the plea in this case are sufficient to prevent a recovery.   The
plaintiff claims damages because he says that the defendants have
not performed their contract.   It appears, however, that they
sawed out the boards—had them ready at the time and place stipu-
lated, and, if necessary, we may presume that they were measured
out and separated from their other boards—that they remained there
through the day ready to deliver them, but the plaintiff did not
come to receive them—that the boards are still ready for the plain-
tiff, if he will take them.

The right of the plaintiff to change a contract of this kind into a
cash debt, ought not to be allowed; but as a consequence of negli-
gence on the part of the defendant.   That these defendants have
done all which they were morally bound to do, will be doubted by
none.   And, if there be any defect in their defence, it must arise
from some rigid rule of law, having the appearance, at least, of a
justification of a hard creditor, in taking advantage of his own
wrong.   But we will not, without examination, cast this odium up-
on the law.

It is said that the defendants should have tendered the boards;
but it appears by the plea that the plaintiff did not attend—was not
present at the time and place, to receive them: a tender therefore
could *not* be made.

*Chittenden,*
*January,*
*1824.*

*Barney*
*vs.*
*Bliss et al.*

It was said by the Court in the case Morton *v.* Lamb, 7 T. R. 131, that it would be absurd to state a tender to a man who was not present to receive it. So in the case of Rawson *v.* Johnson 1 East 207, it was said by opposing counsel, and not disputed, that if the party does not attend, a tender is impossible. And Lord Kenyon, in his argument in the last case, corroborates the doctrine for which we contend,—He says, " In administering justice, we must not lose sight of common sense—one party goes to do his part, but the other stays away. The party pleads that he was ready, but that the other party did not come : Would it be any answer to say, that he ought to have pleaded a tender ? It cannot be necessary to go through with the useless ceremony of laying down the money, to take it up again."

The above doctrine was advanced, in relation to an averment by a plaintiff of his readiness to perform a precedent condition; but we contend that the law is the same in the case of performance of precedent conditions, as in the present case. The very term tender to a person includes the presence of the party to whom it is made. A tender without any person present to whom it is made, is a solecism.

But we contend that a readiness to perform by one party, when the other party does not attend, draws after it all the consequences of a legal tender. This doctrine is stated, 1 Swift's System 405, as sound law ; " that every consequence, which would have followed by tender and refusal, will follow from being ready if the other party do not come." Bacon says, " If a party, to whom tender was to be made, was present, or if it do not apppear from the pleadings that he was absent, it must be averred that there was a refusal ; but when the party to whom tender was to be made did not come, it is sufficient to allege that he was ready, and that the other party did not come." The same doctrine is maintained by Chitty 317—18. The case of Robbins *v.* Luce is to the same point. In that case, Parsons Ch. J. says, " The defendant could not tender the barrels unless the plaintiff was there. He had done all that he could do ; and it was owing to the plaintiff's laches, that the contract, as written, was not performed."

But that case, if considered as an authority, expressly decides the present case. In delivering the opinion of the Court, Judge Par-

Chittenden,
Jinuary,
1824.

Barney
vs
Bliss et al'

sons says, " 'The defendant in his plea, among other allegations, avers that on that day at his dwelling-house, he was ready to deliver the barrels to the plaintiff: if he had also averred that the plaintiff was not there to receive them, this plea, if true, would have been a good bar, and pleaded in good form." This is clearly a direct decision that the matter contained in the defendants' plea in this case is a good bar to the plaintiff's action, and that it is pleaded in good form, as there is an averment in the plea that the plaintiff did not attend to receive the boards.

The same doctrine is maintained by Richardson J. in the case Rowe v. Young, 2 Brod. & Bing. 165—7. And it is believed that no principle of law is better settled; there being no conflicting opinions respecting it—no contradictory decisions; and is alike supported by reason and by precedent.

If a contract be made for the delivery of specifick articles at a particular time and place, and the creditor do not attend to receive them, all the debtor *can* do, is to be ready at time and place, with the articles, ready to deliver them; of course this shall prevent a recovery of damages against him for a non-performance, as absolutely as though he had made a legal tender of the articles to the creditor, he being present; and it would be a departure from the analogy of the law to say that these facts well pleaded, shall not be a good bar of an action, brought for a non-performance of the contract.

But on the part of the pl'ff it is insisted that it was the duty of the defendants not only to have been ready with the boards at the time and place appointed; but, as the plaintiff did not attend to receive them, it was the duty of the defendants to designate the boards and set them apart, *so as to vest the property of the bourds in the plaintiff*. The case of McConnel v. Hall is cited in support of this doctrine; but this is a case standing alone, wholly unsupported by any decided case. Where a debtor, to an action on his contract, has pleaded a tender and refusal, and has prevailed, and has thus been discharged from his contract, the property tendered has been considered as vested in the creditor; and on refusal by the debtor to deliver the property, the creditor has maintained trover for it. But in no case except that of McConnel v. Hall has it been decided,

*Chittenden,*
January,
1824

Barney
*vs.*
Bliss et al.

that the property of the article tendered is vested in the creditor by a tender and refusal.

Suppose in this case, that the plaintiff had attended and the defendants had measured out and tendered the boards to the plaintiff, and he had refused to receive them; and the plaintiff afterwards concluding to receive the boards which had been tendered and he had refused, called on the defendants and demanded the boards, and the defendants had refused to deliver them, do the gentlemen mean to say that the plaintiff could maintain an action of trover for the boards? I presume they alluded to such action of trover, when they said that it was necessary that the property be designated and set apart, so as to vest the property in the plaintiff, that he may have the control of it when he shall choose; "and of this there should be proof at hand." It is clear that the plaintiff in such action of trover must prove property in himself, and as he claims no title to the property except that which he has acquired by the tender of the property by the defendants, and his refusal to receive it, the burthen of proving the tender and refusal must be on him. Now although in cases of an executory consideration, it is very common for the plaintiff to rely on proof of a tender made *by himself* to the defendant, yet for the plaintiff to rely on proof of a tender of property made by the defendant *to himself*, would be novel, and to say the least, would be a sort of back-handed case of tender. And yet if by a tender and refusal, the property tendered be vested in the creditor, all these consequences will follow. But to support such action of trover, the plaintiff must prove still another tender; he must prove that at the time when he made demand of the property tendered, he tendered to the defendant the note on which he demanded the property, and must bring the note into Court; for, certainly he could not be permitted to recover the amount of the note, and keep the note in his own possession. It might indeed be convenient for him, for should he fail in his action of trover for the property tendered, not being able to prove that the defendant made a tender of it, he might then resort to an action on the note, and compel the defendant to prove the tender.

The defendants, in this case, satisfied that they had done all in their power to perform their contract, and that which would bar an action on the note; and as the plaintiff had on his part neglected to attend to receive the boards at the time appointed, that he

could have no legal right to them, without their assent, as it was *Chittenden,* now at their option to deliver the boards to the plaintiff, if he would $\frac{\text{January,}}{1824.}$ receive them in satisfaction of the note, or to keep the boards and pay the amount of the note in money, they chose the former course, Barney and have kept the boards ready, lest, on a demand and refusal, they *vs.* Bliss et al. should be subjected to the payment of the note in money, having no wish to satisfy the note with the boards, and still keep them to their own use.    The above facts the defendants have pleaded in bar of the plaintiff's action on the note.—This plea the plaintiff might have traversed, in which case, as stated by Judge Parsons in the case Robbins v. Luce, if the defendants could not prove that they had the boards ready, the issue must have been found against them. But the plaintiff has chosen to demur to the plea, admitting that the defendants had the boards ready, and that they still have them ready, and that the plaintiff did not attend to receive them.    This is an admission that the defendants did all in their power to perform their contract : and it was no more necessary to aver that the boards were measured out and set apart, in this plea, than in a plea of tender.    In both pleas alike is included every thing necessary to be done by the defendants at the time.

Thus we have attempted to shew that the defendants' plea is adapted to the case, and is, both as to the form and matter of it, clearly supported by precedents; and that the ground on which the plaintiff seems principally to rely is wholly untenable.

The opinion of the Court was delivered by

Skinner, Ch. J.    The plaintiff in this case declares upon a note of hand, in which the defendants promise to pay him 10,000 feet of good merchantable pine boards, on the 1st of October, 1819, at the saw-mill hired by the defendants of the plaintiff.    The defendants plead in bar a readiness to perform at the time and place, to which plea there is a demurrer.

The first inquiry is as to the nature and effect of the defendants' plea.    The principle is well settled, and questioned by no one, that if the party, on whom rests the obligation to pay a debt or perform a duty, is prevented from fulfilling his contract by the act or neglect of the other party, a *tender* will excuse him from any liability in *damages* for non-performance.    If the same consequences will follow from the fact of a readiness to pay or perform, as from the fact of actual tender, it may be true that a plea of readiness, &c.

may in such case be interposed instead of a plea of tender; but if the case is one, in which the consequences of a tender are materially different from those of a readiness to perform, and in which a tender can be made, a plea of readiness will not avail the party. There is no case in which a plea of this kind has been attempted, where a tender could be made; it is rather an excuse for not tendering. The party is bound to do all he can to perform his contract; and in this case it is readily perceived, that if a tender could be made without the presence of the other party, and that tender would have the effect to discharge the liability of the defendants upon their contract, a readiness to perform, unless it has the same effect, cannot be pleaded. If the effect of a tender is not only to discharge the debt or duty, but to change the ownership of the property tendered, the objection to a plea of readiness, &c. is too obvious to require illustration. It is not material to inquire why the practice has prevailed of pleading a tender specially in cases where the defendant is discharged thereby, and the effect is the same as an actual payment of the debt or performance of the duty. The reasons assigned for pleading a tender will hardly apply in such a case, especially in actions of *assumpsit.*

It is insisted by the defendants' counsel, that every consequence that would have resulted from an actual *tender,* will result from a readiness, where the creditor is absent. This is undoubtedly settled law, where the attendance of the creditor is necessary to enable the debtor to perform his contract. It is also true that a formal offer to perform in the absence of the creditor has been usually adopted, and is called in the books a tender in law, and so pleaded.

In this case no sufficient reason is, or can be assigned, why the presence of the payee could not be dispensed with. There was no precedent act to be performed by him—no appointment of appraisers, as in the case of Brooks *v.* Page—no election to be made or manifested by him. The consideration on his part is executed and past. Ten thousand feet of boards were to be delivered at the plaintiff's saw-mill, then occupied by the defendants. It would be going farther than any authority will warrant, to say that it was necessary in this case for the plaintiff, to aver and prove that he was ready at the time and place or fail of recovery; that he must be ready at his peril at the time appointed. On the other hand there is no authority to be found to support the position, that the defendants,

by the default of the creditor shall be deprived of the privilege of *Chittenden,* setting apart the specifick articles, and thereby incur at most the *January,* *1824.* obligation of bailees, and not be subjected at all events in case of loss or destruction.   But if, as we believe, the debt or duty is *Barney vs.* discharged by a tender, the doctrine, that the creditor cannot, by *Bliss et al.* his fault, in absenting himself, prevent the debtor from effecting his discharge, follows from the plainest principles of law and common sense.   It equally follows, that the latter is liable if he neglects to do all in his power to perform.   The important question then is, Does the tender of specifick articles discharge the debt or duty?

The able and ingenious essay of a distinguished Jurist of the State on this subject, as well as the laboured argument of the counsel in the case, although opposed to the generally received opinion; have received all that attention and consideration, which the time and ability of the Court would permit.   And was it not, that we consider the common law as settled in the case, both in England and in this country, and which we are not at liberty to disturb, we are not prepared to say, that a better rule might not perhaps be adopted.

The principle, that a tender of specifick articles according to the contract, shall discharge the debt or duty; and that the party tendering is not obliged to keep the thing tendered (as he is in the case of money) and of course is not obliged to plead that he is still ready, is very clearly recognized and held in Peytoe's case, 9 Rep. 78, and also in Co. Lit. 207.   And the reasons on which it is founded seem to have been so conclusive and satisfactory, that no attempt has since been made to oppose it; nor have the inconveniences resulting from it been such as to induce the introduction of a law of consignation or deposit, as in France.*   That a different rule ought to

---

* In the State of Ohio where contracts for the payment of specifick articles are very common, great difficulties were experienced in ascertaining what were the principles of the common law, as applicable to such contracts.

By resorting to the very ancient common law, they found that whenever a tender was pleaded, whether of money, cattle or other specifick article, it was necessary for the defendant, not only to aver in his plea that the property was still ready, but to make a profert of it in his plea, and bring it to Court, or state in his plea some excuse for not bringing it to Court  And whether brought to Court or not, if the defendant proved the tender and prevailed, the judgment was *in rem*, that the plaintiff should have the property tendered.

But they found that in the time of Lord Coke, the law had been so far altered,

Chittenden,
January,
1821.

Barney
vs.
Bliss et al.

be applied in this case from that of a tender of money will appear from the reasons assigned, and which mark the distinction. Even in the case of money, to compel the debtor to keep it, and hold him liable for the debt, which he is able, and willing, and has done all in his power to discharge according to his undertaking, but is prevented by the neglect of the creditor, is opposed to common justice, and the ordinary rules of law. Where the contract is for the delivery of specifick articles, the reasons assigned for not requiring the party to go beyond his contract, and incur a further obligation, attempted to be cast upon him by the creditor, are, that goods are perishable, and that there is an expense attending the keeping ; he is therefore not required to apply the care and diligence, and incur the expense necessary for their preservation and support, and which in many cases must be very considerable. The case in the 9 Coke is supported by a case decided 28. H. 8 as reported by Cappel. In the 20 Viner. 306. a case is stated thus : " If the obligation be of £60 to enfeoff the plaintiff by such a day, or deliver him a horse,

that in every case of a tender, in performance of the condition of a penal bond, and in every other case where the plaintiff sought a forfeiture, if the defendant prevailed in his plea, the condition was performed, the debt discharged, and the property tendered lost to the creditor, being forfeited by his wrongful refusal to receive it, and still remaining the property of the debtor.

The prevailing opinion in the State of Ohio seems to have been that this rule of the common law had remained unaltered, except that it had been extended to all cases of a tender of specifick articles. Some, however held, that the reason of the law in this case had ceased, and with it the law had ceased also. And that as property was no longer lost by a tender and refusal, the principles of the ancient common law applied of course, and that it was necessary for the debtor to keep the property tendered, and to plead the tender with an *uncore prist*, that it is still ready.

At length these questions were put at rest by an act of the Legislature, passed in the year 1816, by which it was provided, " That upon tender pleaded to an obligation or promise for the payment of any other thing than money, the Jury, if they find for the defendant, shall assess the value of the property tendered ; and judgment shall be rendered in favour of the plaintiff for that amount, without interest or cost, unless the defendant shall forthwith perform his contract, or give the plaintiff such assurance, as the Court shall approve, that he will perform the same within such time as the Court may direct, in which case judgment shall be entered for the defendant."

The same act also provides, " That if perishable articles be tendered by the debtor, they shall be kept by him, from the time of the tender, with reasonable care, at the expense and risque of the creditor."

or such like, *which is not money*, tender by the defendant and refu- *Chittenden,* sal by the plaintiff is sufficient for the defendant forever." In the *January, 1824.* same book (p. 310) in another case the same principle is found. We are not apprized of any decision in this State opposed to this *Barney* doctrine; but in the case of McConnel *v.* Hall, the Supreme Court *Bliss et al.* *vs.* very decidedly approve the principle. The Court there say, "The promissor, after a fulfilment of his contract, is not bound to keep the property always ready, as in case of tender of money; he must therefore make such designation of the article, on the day, and at the place of payment, as will transfer the property to the promisee, and enable him to pursue the property itself."

In Connecticut and New-York the question is considered at rest by repeated decisions. Judge Swift says, "It may be laid down as a general rule, that when contracts are made for the delivery of goods, or any article other than money, a tender of the thing contracted for according to the contract, though refused to be accepted by the promisee, absolutely discharges the contract." In the 8 John. R. 478, the Court say as to the effect of the tender, "We consider it a complete bar to the suit upon the contract." And from the reports of cases in New-Hampshire and North Carolina, it appears the same doctrine has been approved in those States.

Judgment, plea in bar is insufficient.