NEW YORK, perceive that Lawrence can establish a claim against the
May, 1827. defendant for commissions. The holder of the check will
Roof recover that portion as well as the residue. From the
v. course of the transaction, I consider Lawrence as having
Stafford. passed to Mrs. Remsen the whole check; and he must look
to her for the amount of his commissions. Whether Mrs.
Remsen succeeds or not, will not, I apprehend, affect his
claim.

The motion for a new trial must be denied.

New trial denied.

---

ROOF *against* J. STAFFORD, who appeared by S. Stafford,
his guardian.(*a*)

A sale and    ON error from the mayor's court in the city of Albany.
delivery of
goods by an    The action in the court below was trover, by Stafford
infant, with his against Roof, for a horse. The horse had been sold and
own hand, is
not voidable delivered by Stafford, then a minor of 19 years of age, to
till he come of Roof, who executed to Stafford his (R.'s) note for the horse,
age.
So of his con- payable in specific articles to the amount of $50. This
veyances of
real estate. action was brought while J. Stafford was yet a minor.
[*180]        *These facts appearing on the trial in the court below, the
If he marry
under the age counsel for Roof objected, that J. Stafford could not avoid
of discretion, the sale of the horse, till he came of age. The court over-
he cannot dis-
agree till he ruled the objection, charging the jury accordingly, who
arrive to that found for the plaintiff below $55 damages. The opinion
age.
The execu- of the court below being excepted to by Roof, he brought
tory contracts
of an infant error.
by deed are
generally void- Several other points were presented by the bill; but it
able, not void. is not material to notice them; as the only question de-
So, in some
senses, his sim- cided by the court was, whether the infant could rescind
ple contracts. the sale, before coming of age.
His execu-
tory contracts
are voidable at any time, without his restoring, or being liable to restore the consideration.
But it is otherwise as to contracts executed. On his coming of age, and on avoiding
these, he must restore the consideration.

(*a*) This case was decided at May term, 1826.

*S. A. Foot* and *J. D. Hammond*, for the plaintiff in error, NEW YORK, cited. Bac. Abr. Infancy and Age, (I) pl. 3, 8; Co. Lit. 2 b; Cowen's Treat. 426; 8 Taunt. 508; 10 John. 132; 1 Bl. Rep. 579; 1 Rol. Abr. 341; 1 Inst. 79; Kenn's case, 7 Rep. 138; Bac. Abr. Infancy and Age,(A.)

NEW YORK,
May, 1827.

Roof
v.
Stafford.

*Jacob Lansing*, contra, cited 3 Burr. 1794; 10 John. Rep. 463; 1 Mod. 137; 3 Keb. 369; Bac. Abr. Infancy and Age, (I); 5 Bro. P. C. 570; 2 T. R. 161; Com. Dig. Infant,(B.)

*Curia, per* WOODWORTH, J.   I understand it to be now well settled, that the contracts of an infant, not only such as take effect by his actual delivery of the subject matter; (as a feoffment with livery, or a sale and manual delivery of goods;) but all his deeds, whether at the common law, or under the statute of uses; whether relating to real or personal property, are voidable merely, not void.   This proposition, so far as it relates to real estate, is fully established by *Zouch* v. *Parsons*, (1 Bl. Rep. 575, reported more at large 3 Burr. 1794 to 1809,) and the authorities collected and reviewed in that case by Lord Mansfield.   His reasoning has generally been considered as placing deeds respecting personal property on the same footing.   The only exception yet allowed, is of a deed which delegates a naked power.   It is then void.   Whereas, if it carry any interest, it is merely voidable.   1 John. Cas. 127; 3 Burr. 1804, 5; 1 Wood. Lect. 400; 2 Evans' *Poth. 30; 13 Mass. Rep. 375; 15 id. 220; Newl. Contr. 11; 1 N. H. Rep. 74; 6 John. Rep. 257; 11 id. 539; 14 id. 124.

[*181]

The authorities are still more uniform as to the sale and manual delivery of personal property by an infant.   They are, without exception, that the contract is not void, but voidable. (Bac. Abr. Infancy and Age, (A.) pl. 3.  1 Rol. Abr. 730.  Enfants, (D.) pl. 4.  Latch. 10.  1 Mod. 137. 10 John. 132.  13 Mass. Rep. 204.  15 id. 259.  1 Nott & M'Cord's S. C. Rep. 1.)

Even the simple executory contract of an infant, though not to pay for necessaries, can hardly be considered void in the full sense of the term.   It has been held a good con-

NEW YORK, sideration for the promise of another. (2 Str. 937. Fitzg.
May, 1827. 175, 275. 1 Sid. 41. 1 Keb. 1. Newl. Contr. 12. 5 B.
Roof
v. & A. 174, per Best, J.) No doubt was ever entertained,
Stafford. that he might affirm it by a new promise on coming of age.
(1 T. R. 648. 1 M. & S. 724. 11 Mass. Rep. 147. 9 id. 62,
100, 101. 10 id. 137. 1 Pick. 202, 221. 14 Mass. Rep. 457.
2 N. H. Rep. 51. Reeve's Dom. Rel. 240.) And in all cases,
the right to plead or give infancy in evidence, has been con-
sidered personal to the infant himself. 2 John. Rep. 279.
5 id. 161.

The marriage of an infant before the age of consent,
which is fourteen in males and twelve in females, is also
voidable, not void. (Bac. Abr. Infancy and age, (A,) and
the cases there cited. Reeve's Dom. Rel. 236, 237.

The true sense of the law, as to the general capacity of
infants, seems to be expressed by Pothier : " Infants," says
he, "are rather incapable of obliging themselves by their
contracts, than incapable of contracting." (Vid. 1 Evans'
Poth. 31. 2 id. 30.)

Accordingly, there is no doubt that all the contracts
which an infant can make, with a very few exceptions are,
at least, voidable, without regard to the question whether
they be beneficial to him or not; and the only inquiry
which presents any difficulty is, when they are to be
avoided. On this head, there is no doubt as to his execu-
tory *contracts. Whatever consideration he may have re-
ceived for his bond, his covenant or his promises, (if we
except his implied promise for necessaries,) they cannot be
enforced, whether he be an infant when the suit is brought
for that purpose, or not. It has been doubted, however,
whether he be not liable, in another form of action, to re-
fund the consideration of his executory contract, after he
has avoided it. The learned author of the Domestic Rela-
tions, (243 to 249,) maintains the affirmative of this propo-
sition with great ability ; and in *Badger* v. *Phinney*, (15
Mass. Rep. 359,) the supreme judicial court of Massachu-
setts advance the same doctrine. Judge Reeve admits
that the current of ancient English authority is the other
way ; and their later cases are certainly so. (*Jennings* v.

*Rundall,* 8 T. R. 335, 337.    *Green* v. *Greenbank,* 2 Marsh. Rep. 485.)  Nor is it conceivable, perhaps, why the defence of infancy should be called a protection, if it merely operate to change the form of attack from an action on contract, to one for a tortious conversion of the consideration. This inquiry, however, is of no other importance here, than as showing the inclination of very able American jurists to construe the rights of infants with rather more strictness than the rules of the common law have generally been supposed to require.

It certainly seems to be highly reasonable, where the contract is executed on both sides, where the infant has parted with the thing sold, and received an equivalent, or a supposed equivalent, that he should restore it, on avoiding his contract, or should incur an obligation to do so. He is then no longer defending himself; but seeks to recover what he has been paid for. The enforcement of such an obligation does not seem to be inconsistent with the privilege of infancy, especially if the power to incur it is postponed till he comes of age.  *Badger* v. *Phinney* is a strong authority in favor of this obligation; and in *Roberts* v. *Wiggin,* (1 N. H. Rep. 63, 75,) where an infant had taken a conveyance of land, and executed a mortgage to secure the purchase-money, the court express an opinion that an avoidance of the mortgage would re-vest the title in the grantor.  The same principle seems to be *conceded    [*183] in *Shaw* v. *Boyd,* (5 Serg. & Rawle's Rep. 309, 313.)  On the whole, the better opinion is, that disaffirming the sale of an infant vendor entitles the vendee to sue for the consideration, and thus bind the right forever.

The question recurs, at what age is the infant able to work these consequences?  May he disaffirm when he pleases?  And how far is he bound by that act?  Suppose him, while yet under age, to restore the consideration, and take back the subject of sale; may he not afterwards disaffirm the disaffirmance, on the principle which forbids the original contract?  Is the whole matter thus left open and ambulatory till he arrives to the age of twenty-one years? Or does the law forbid his doing a nugatory act, and sus-

NEW YORK, pend his powers till he can conclude himself. Lord Mans-
May, 1827.
――――――― field held, in *Zouch* v. *Parsons*, that he cannot avoid his
Roof
v.          conveyance of lands till the age of twenty-one. This is
Stafford.   said to follow, because, if it were otherwise, he might also
bring a writ analogous to a *dum fuit infra œtatem;* and so
conclude his right upon the record. (3 Burr. 1808.) Other
books give the same reason ; and say the matter should
remain open till he come of age, and is legally capable of
thinking over what he has done. (4 Cruise's Dig. 17,
Deed, § 12. Bac. Abr. Infancy and Age, (I) pl. 3.) These
and other books advance the doctrine in qualified terms ;
stating that the infant may avoid *when he comes of age.*
(Co. Lit. 302, b. 8 Taunt. 40, 41, 42. Com. Dig. Enfants
(c. 4.) The latter cases of avoidance as to real estate, are
all where the infant was of age ; and those modern books,
which say generally, that the infant may avoid either
before or after age, rely on the ancient rule in 2 Inst. 673,
without adverting to the contrary doctrine as laid down
by Lord Mansfield.

I consider the doctrine settled, in respect to assurances
of real estate, that the infant cannot finally avoid them
till he comes of age. And it is equally well settled, that
the marriage of one, who is a minor in respect to that con-
tract, cannot be avoided till he reaches an age when he
[*184] can *bind himself by it. (Bac. Abr. Infancy and Age, (A)
and the authorities there cited.)

Thus, in the most important contracts which an infant
can make, he is bound till the age of legal capacity. The
reason is, that being executed, they are voidable only :
being an infant, he has no legal power to consider them
over again ; there is danger of his being irrevocably con-
cluded by the legal consequences which may follow the
avoidance; and hence this act may be the worst thing he
can do for himself. If, through the actual imbecility of
infancy, he has been defrauded, another ground is presented,
which vitiates all contracts. The reasons against an im-
mediate avoidance, of course, relate to the single, technical
objection of infancy.

Where then is the principle, upon which the anomaly

contended for by the counsel for the defendant in error, is to be established? As to the cases, it is not difficult to show that they give an infant yet greater power in the transfer of his personal property, than of his real estate. By a late decision in the English C. P., if he pay his money, though for a consideration only in part executed, he never can recover it back, even on avoiding the contract at full age. (*Holmes* v. *Blogg*, 8 Taunt. 508.) This case is founded partly on a dictum of Lord Mansfield, in *Buckinghamshire* v. *Drury*, (2 Eden, 72, Wilmott's notes, 177,) that "if an infant pay money with is own hand, even without a valuable consideration for it, he cannot get it back again." To adopt this case, and go the full length which its principle seems to warrant, would be to conclude infants forever by a sale and actual delivery of their personal property. It is not now necessary to pass upon that principle in its extent. Suffice it to say, we are clear that the infant's power of avoidance in the case before us, is no greater than in the two cases wherein we have seen his rights are suspended till the age of legal capacity. Indeed, we think his power, in one respect, less as to a sale of personal than of real estate. As to the latter, it is said, in *Zouch* v. *Parsons*, though he cannot finally avoid while under age, yet he may enter and thus save the profits. *We do not know of any similar remedy for the profits of his personal property.[1]

[*185]

[1] The deed of an infant is voidable only and not void; but in the case of an infant *feme covert* joining with her husband in the conveyance of lands which he held in his own right, her conveyance is void, she having then no estate in the lands, because of her infancy; and although on arriving at age she do nothing to disaffirm the deed, yet on surviving her husband she can maintain ejectment for dower. *Sherman* v. *Garfields*, 1 Denio, 329.

A deed of bargain and sale, made by an infant, is like a feoffment with livery of seisin, voidable only, and not absolutely void; and it seems, that this is universal, that all deeds or instruments under seal, executed by an infant are voidable only, with the single exception of those which delegate a naked authority, they are void. Ib. *Gillet* v. *Stanley*, 1 Hill, 121; see *Conroe* v. *Birdsall*, 1 J. C. 127.

A deed of lands executed by an infant cannot be avoided until he come of age, though he may enter and take the profits in the mean time; but it seems a sale and manual delivery of chattles by an infant may be avoided while under age. *Bool* v. *Mix*, 17 Wen. 119.

NEW YORK,
May, 1827.
_____
Roof
v.
Stafford.

The judgment of the court below must be reversed, on the ground that the defendant in error could not avoid his

The note of an infant is merely voidable and not void, and a promise to pay, made by him, after he attains his age, renders the note valid. *Everson* v. *Carpenter*, 17 Wen. 419.

Though the executory contracts of an infant are voidable, yet where he does work in the payment of his contract, or pays money upon his contract, he cannot by avoiding it, get back the money, or recover a compensation for his work. The avoidance goes merely to relieve him from his contract as far as it is so executed. *M'Coy* v. *Huffman*, 8 Cow. 84.

An infant who contracts for the purchase of property, and performs work and labor in part pay, but avoids the contract on coming of age, and before receiving any thing under it, may recover for the work and labor on *quantum meruit*. The case of *M'Coy* v. *Huffman*, 8 Cow. 84, overruled. *Medbury* v *Watrous*, 7 Hill, 110.

The note of an infant (though a negotiable one) is voidable and not void, and may be affirmed after the infant comes of age. *Goodsell* v. *Myers*, 3 Wen. 479.

An infant cannot bind himself by his own assent, nor even by the consent of a guardian, unless his acts are deemed, by a court of chancery, beneficial to the infant. *Rogers* v. *Cruger*, 7 J. R. 557.

Where an infant took the note of a third person in payment for work done, and retained it for eight months after he came of age, and then offered to return it and demanded payment for his work; held, in an action for the work and labor performed by him, that the retaining of the note for such a length of time was a ratification of the contract made during infancy, especially when, in the mean time, the maker of the note had become insolvent, the debt lost, and the offer to return made on the heel of that event. *Delano* v. *Blake*, 11 Wen. 85.

If an infant who has a horse on hire does any wilful and positive act, amounting to an election, on his part, to disaffirm the contract of hiring, the owner is entitled to the immediate possession. *Campbell* v. *Stakes*, 2 Wen. 137.

The contracts of infants are not void, but voidable at their election. Ib. *Willard* v. *Stone*, 7 Cow. 22.

The sale and actual delivery of a personal chattel by an infant is voidable before he attains the age of twenty-one years. *Stafford* v. *Roof*, 9 Cow. 626. Contra. *Roof* v. *Stafford*, 7 Cow. 179.

But his conveyances of real estate are not voidable till he comes of age. Ib.

The enlistment of a minor, without consent of his parent or guardian, into the army of the United States, is void; and he may be discharged by state authority. *Matter of Carlton* 7 Cow. 471.

If he marry under the age of discretion, he cannot disagree till he arrive at that age. *Roof* v. *Stafford*, 7 Cow. 179.

The executory contracts of an infant by deed are generally voidable, not void. So, in some senses his simple contracts. Ib

contract of sale, till he had arrived at the age of twenty-one years.

Judgment reversed.

His executory contracts are voidable at any time, without his restoring, or being liable to restore the consideration. Ib.

But it is otherwise as to contracts executed. On his coming of age, and on avoiding these, he must restore the consideration. Ib.

A warrant of attorney by an infant, to confess judgment is void; and a judgment entered in virtue of it will be set aside on motion. *Bennett* v. *Davis*, 6 Cow. 393.

A marriage contract is not void, but voidable at the election of the infant. *Hunt* v. *Peake*, 5 Cow. 475.

Where an infant bargains and sells land to A. and after coming of age, bargins and sells the same land to B., this is a revocation of the former grant, admitting that the first deed was voidable only and not void. *Jackson* ex dem. *Brayton* v. *Burchein*, 14 J. R. 124.

A person who has conveyed land, when an infant, may avoid his grant by an act of equal solemnity and notoriety, as if it was a feoffment with livery of seisin, by entering on the land, and making known his dissent or if it was a bargain and sale, by a subsequent deed of bargain and sale. Ib.

D., an infant, in 1784, conveyed a lot of land to M. and arrived at full age in 1785; and afterward in 1791, without having made any entry on the land or done any act to avoid the deed to M., executed another deed to B. for the same lot. Though the deed of the infant D. was voidable, yet T., a purchaser under B., could not avail himself of the second deed to B. to avoid the first deed to M. *Jackson* ex dem. *Dunbar* v. *Todd*, 6 J. R. 257.

An infant under the age of 18, not being liable to be enrolled in the militia, is not bound by an agreement with him, entered into with the consent of his father, to go into actual service, as a substitute for another person. *Grace* v. *Wilber*, 10 J. R. 453.

A manumission of a slave by an infant, though done with the approbation and consent of his guardian, is voidable. *Executors of Rogers* v. *Berry*, 10 J. R. 132.

The note of an infant carrying on trade cannot be enforced against him by a payee who was ignorant of his infancy. *Van Winkle* v. *Ketchum*, 3 Cai. R. 323.

A negotiable note given by an infant even for necessaries, is void. *Swasey* v. *Administrator of Vanderheyden*, 10 J. R. 33.

Such deeds of an infant as do not take effect by delivery of his hand, are void; and such as take effect by delivery of his hand are voidable. *Conroe* v. *Birdsall*, 1 J. C. 127.

Therefore, the bond of an infant is voidable only. Ib.

If at the time of making the bond, he fraudulently allege that he is of full age, he may, notwithstanding, avoid it. Ib.

The ratification of an infant's contract should be a promise to a party in

NEW YORK, interest or his agent, or at least an explicit admission of an existing liability,
May, 1827. from which a promise may be implied. *Goodsell* v. *Myers*, 4 Wen. 479.

Mitchell    *Bigelow* v. *Grannis*, 2 Hill, 120.
v.
Bush.      The ratification should be equivalent to a new contract. Ib.

A contract of an infant not made for necessaries, may be made obligatory by a new promise or ratification after he comes of age; and such new promise must be replied specially to a plea of infancy. *Watkins* v. *Stevens*, 4 Barb. 168. 3 N. Y. Dig. p. 41, *et seq.* tit. *Infant.*