I think it quite clear, upon the proofs, that the representation made by the plaintiff at the time of the sale of the note, amounted to a warranty that the note was free from any such defect as the infancy of the maker.
It amounted, according to its fair interpretation, to an undertaking that it was a binding obligation; and, therefore, I think the Supreme Court properly granted the new trial, and might have placed their decision on the ground that the referee erred in his finding of facts.
But the order of reversal does not state that the judgment was reversed upon the facts, and without that this court has jurisdiction to consider only whether, upon the pleadings and facts found, the judgment was erroneous.
The answer of the defendant sets up, as a defense — a denial that he made and delivered the note in suit; that the consideration of the note was the note of Onley, an infant, sold to the defendant by the plaintiff; that Onley refuses to pay it, on the ground of infancy; that plaintiff, at the time of the sale, represented the note of Onley to be good.
That the defendant was ignorant of the infancy of Onley, and that plaintiff knew and fraudulently concealed the fact of Onley's infancy, and represented the note to be good, for *Page 491 
the purpose of inducing the defendant to purchase it without further inquiry.
1. Here is no allegation of mutual mistake, and claim to rescind upon that ground. The answer by alleging knowledge and fraudulent concealment by plaintiff, expressly denies any claim or pretense of mutual mistake. Without an amendment the referee could not have sustained such a defense, even if the failure of the defendant to allege a rescission, and offer to return, could have been obviated.
2. The utmost that the answer amounts to, the making of the note sued upon being proved, is:
First, that there was no sufficient consideration for defendant's note, or that the consideration has failed.
Second, that by a false and fraudulent representation the plaintiff made the sale and procured the defendant's note, or, possibly,
Third, that the representation amounted to a warranty.
1. As to the first, the note of the infant was a sufficient consideration (in the absence of fraud or warranty) to uphold the promise of the defendant. If the transaction was in all respects fair, the purchaser may, if he will, take upon himself the hazard or chance that the infant will pay the note which he has signed, and if he chooses to pay, or promises to pay, therefor, he will be bound. (See cases cited, Roof v. Stafford, 7 Cow. 181; and see also Slocum v. Hooker, 13 Barb. 536.)
2. The finding of the referee expressly denies and excludes the defense of fraud. He finds that neither of the parties, at the time of the sale, had any knowledge of the infancy of Onley.
3. If the answer can, by a very liberal extension of its most obvious intent and meaning, be held to warrant proof of a warranty, then,
First, it is only a special warranty that "the note is good" that is alleged, and the finding of the referee does not sustain this allegation.
Second, if the sale alleged in the answer would, ex vitermini, import a warranty that the maker was legally bound *Page 492 
to pay the note (which I cannot concede), still the finding of the referee that "the defendant agreed that the note of Onley was a genuine note and not otherwise," forbids any implication of any other warranty.
If the finding that he warranted the note to be a genuine note would not (as I think it would) alone prevent an implication that he also warranted its validity as a binding objection, the finding of the referee that he did not agree further or otherwise, does forbid such implication. As already remarked, the question whether the finding of the referee is sustained by the proof is not before us. We may therefore, for illustration, suppose, in support of the finding, that on the trial it was proved that at the time of the sale, the plaintiff expressly stated that he warranted the note to be the genuine note of Onley, but that it must be distinctly understood that he made no other agreement or undertaking in respect to it.
This is in harmony with the finding of the referee, and surely here would be no room for any implication of any other warranty than the warranty that the note was genuine. And this is the legal effect of the finding.
Third, it only remains to consider whether, under an answer which alleges as a defense a fraudulent sale of a note with a representation that it is good, the defense is established where no fraud is proved, and the representation is found to be a warranty that the note is the "genuine" note of Onley, it being also found that the note was made by Onley, and the defect therein arises from his infancy.
Waiving any discussion of the question whether, under these pleadings, a mere breach of such a warranty can be insisted upon as a defense, I think the conclusion of the referee that proof of Onley's infancy did not show a breach of that warranty was correct.
The term "genuine" imported nothing in regard to the collectibility or in regard to its legal effect or operation, other than according to its usual and ordinary meaning, viz., that the note was not false, fictitious, simulated, spurious, *Page 493 counterfeit, or, in short, that the apparent maker did make and deliver the note offered for sale.
In reference to bank-bills, bills of exchange, promissory notes and securities for money, the natural and general, if not the universal, antithesis or opposite of genuine, is "counterfeit." Hence we say of a bank-bill, it is a genuine bill — i.e., not a counterfeit bill — we represent nothing in regard to the legal validity of the bill in any other respect, or of the ability of a holder to collect any thing thereon.
I regret to say, that, upon the finding of the referee on the facts, the conclusion of law, that the plaintiff is entitled to recover, was correct. I say it with regret, because I think it was a proper case for a reversal upon the evidence; but if the party seeking to sustain the order does not see to it that the whole question is brought before us in a form that enables us to look into the proof, though we may regret it, we are powerless to relieve him from the consequences.
The order granting a new trial must, for these reasons, be reversed.
All the judges concurring,
Order reversed, and judgment upon the referee's report affirmed. *Page 494