### E. F. HOYT *v.* D. K. WILKINSON.

*Infant.   Avoidance of Contract.   Pleading.*

1.   The defendant while an infant executed the note in contention for a horse ; and *before he attained his majority* rescinded the contract, tendered the horse to the payee,—which was refused,—and demanded the note ; *Held,* in an action on the note, that the defendant could avoid his contract *while under age ;* and that the avoidance and tender annulled it on both sides *ab initio.*

2.   If the plaintiff desired to raise the point that it could be fairly inferred from the defendant's rejoinder (which cannot be) that he kept the horse so long as to amount to a waiver of the avoidance, and hence an affirmance of the contract, he should have sur-rejoined instead of demurring.

ASSUMPSIT on a note.   Heard on demurrer to the defendant's rejoinder, June Term, 1884, VEAZEY, J., presiding. Demurrer overruled, and judgment for the defendant. Pleas, general issue, Statute of Limitations, and infancy.

Replication, in part :

"And the said plaintiff further saith, that the said defendant did not within a reasonable time *after* he became twenty-one years of age as aforesaid, nor at any time since

he so became twenty-one years of age, and before the commencement of this suit, disaffirm the several promises and undertakings in said declaration mentioned or either of them," and that the defendant was out of the State, etc.

Rejoinder, in part :

"Yet for rejoinder in this behalf the said defendant says that said promissory note in the first count of the said declaration mentioned was made and delivered by said defendant to one John B. Covey, the original payee of said note, in respect of a contract of purchase of a certain horse by said defendant of said John B. Covey, and in payment of said horse, on the 15th day of December, A. D. 1853, at Sandgate, aforesaid ; and afterwards and before the said promissory note became due, and while the said John B. Covey held and owned said promissory note, and before the said defendant had attained the age of twenty-one years, to wit ; on the first day of February, 1854, at Sandgate aforesaid, the said defendant did rescind and disaffirm said contract of purchase of said horse, and then and there did tender and offer to said John B. Covey the said horse so purchased of him as aforesaid, and then and there requested and demanded of said John B. Covey that he surrender and give up to said defendant the said promissory note. And that said John B. Covey then and there did refuse to receive said horse so offered and tendered as aforesaid, and did refuse to surrender and give up to said defendant the said promissory note so demanded as aforesaid."

It did not appear, except by inference from the above pleadings, what became of the horse.

*Burton & Munson* and *J. K. Batchelder*, for the plaintiff.

The contract was merely voidable ; and unless disaffirmed in a reasonable time after he became of age, the defendant is bound by it. *Bigelow* v. *Kinney*, 3 Vt. 353; *Richardson* v. *Boright*, 9 Vt. 368. The offer to rescind *before* he became of age was as voidable as the original contract. *Farr* v. *Sumner*, 12 Vt. 31. So far as it appears, the horse was kept by the defendant after he was twenty-one ; and retaining the consideration then, and not offering to disaffirm within

---

---

a reasonable time, had the same effect on the original contract as an express affirmance.   Reeve Dom. Rel. 244, 249, n. 1 ; *Weed* v. *Beebe,* 21 Vt. 495: *Badger* v. *Pinney,* 15 Mass. 359: 1 Am. Lead. Cas. 255; *Boyden* v. *Boyden,* 9 Met. 519; *Taft* v. *Pike,* 14 Vt. 405.

*H. K. Fowler,* for the defendant.

A minor can rescind his contract relating to personal property *before* he becomes of age.   1 Am. Lead. Cas. 263; *Abell* v. *Warren,* 4 Vt. 149; *Price* v. *Furman,* 27 Vt. 268; *Person* v. *Chase,* 37 Vt. 648.   And even if the infant is unable to return the consideration, and neglects to do so, still he may avail himself of his privilege.   *Abell* v. *Warren, supra* ; *Wiser* v. *Lockwood,* 42 Vt. 720.

The opinion of the court was delivered by

ROWELL, J.   An infant may avoid his contracts relating to personal property while under age and immediately.   1 Am. Lead. Cas. 258; *Price* v. *Furman,* 27 Vt. 268; *Willis* v. *Twambly,* 13 Mass. 204; *Stafford* v. *Roof,* 9 Cow. 626: *Bool* v. *Mix,* 17 Wend. 119, 132.   The *dictum* to the contrary in *Farr* v. *Sumner,* 12 Vt. 31, is not sound, although not without some support in the authorities.

But what was the effect of the avoidance and tender here rejoined ? It was, as between the parties, nothing else appearing, in the language of Chief Justice Shaw in *Boyden* v. *Boyden,* 9 Met. 519, to " annul the contract on both sides *ab initio,*" and to devest the plaintiff of title to the note, and reinvest him with title to the horse.   *Willis* v. *Twambly; Badger* v. *Pinney,* 15 Mass. 359; 1 Am. Lead Cas. 258, 259. *Willis* v. *Twambly* is exactly in point.   There the plaintiff, a minor, had a non-negotiable note payable to himself, which he exchanged with Cook for a worthless watch.   The next day, under the direction of his father, he disaffirmed the contract by tendering back the watch to Cook and demanding the note, which Cook refused to deliver, and

also to take the watch. Subsequently the maker of the note, on being informed of the transaction and receiving a discharge from plaintiff's father, gave a new note in lieu of the old one, after which Cook passed the old note to B, assuring him it would be paid, and B brought suit thereon against the maker in the plaintiff's name; and it was held that the note ceased to be the property of Cook from the time the plaintiff disaffirmed the contract, and that the settlement made by the defendant when he gave the new note discharged him from liability on the old note. The case does not disclose what was done with the watch after it was tendered back, and no point was made of that by either court or counsel.

*Price* v. *Furman* is also much in point. There the minor tendered back the horse and demanded the property he had given in exchange for it, and on defendant's refusal to receive the horse or to redeliver the property, the minor turned the horse loose into the highway and left it; but the court laid no stress on that fact, but said that when the contract was rescinded it could not be enforced, and that, on general principles, the minor could recover, as there had been an *offer* to return the horse, which was in his possession and under his control.

This is very analogous to the tender of specific articles in payment of a note or other contract, where a tender of the articles according to the contract vests the property in the promisee and discharges the debt; and the promisor is not bound to keep the property, nor to plead *uncore prist. Barney* v. *Bliss,* 1 D. Chip. 399.

Plaintiff contends that it is fairly inferable from the rejoinder that the defendant continued to keep the horse for such a length of time and in such a manner as to amount to a waiver of his avoidance, and an affirmance of the contract. But no such inference can fairly be drawn from the pleading. If plaintiff thought that point a good one, and desired to raise it, he should have sur-rejoined.

We find no error in the judgment below; but at plaintiff's request, the same is reversed *pro forma*, and the cause remanded, with leave to plaintiff to replead on the usual terms.