### ASA ABELL, JUN. *vs.* BROWNSON WARREN.

FRANKLIN,
*January,*
1832.

A, an infant contracted to labor for W one month for fifteen dollars, five of which were to be paid in cash, and the remainder in cloth. A having performed the stipulated service, W paid him the five dollars in money, and gave him an order on a third person for the cloth.—It was held that A was not bound by the receipt of the order, but might avoid the contract, and recover on a *quantum meruit* for work and labor such sum as his services were worth, deducting the five dollars.

All contracts of an infant, whether executed or not, if not for necessaries, may be avoided by him, unless he has confirmed them after arriving at full age.

This was an action of *assumpsit*, on an order for ten dollars, with a second count for work and labor. Plea, *non assumpsit*, and issue to the court. On trial it was proved to the satisfaction of the court, that in the summer of 1827, the plaintiff made a contract with the defendant to labor for him in haying one month for fifteen dollars, five of which the plaintiff was to receive in money, which was paid, and ten in fulled cloth of Anson Field, of St. Albans, for which the defendant was to give the plaintiff an order on said Field; and that the plaintiff performed the labor contracted for. Some time in the first part of Sept. 1827, the defendant told the plaintiff he was going to settle with Field, and then would give him an order for the $10 in cloth ; and upon that occasion, the plaintiff told the defendant, he need not bring or send the order to him, unless he should be coming where he lived, or had an opportunity of sending it by some one ; but that the plaintiff would call and take it. About the middle of September, the plaintiff called at the defendant's house for the order, and enquired of one Anna Brush, who was the defendant's house-keeper for it, and she informed him, that the defendant was at work in the woods, and referred the plaintiff to him. On the first of October the defendant wrote the order, and left it with the said Anna Brush, who was still his house-keeper ; and as he was going from home, directed her to let the plaintiff have it, if he called, for the cloth was ready. On the 28th of October the plaintiff called at the defendant's house, and took the order, and the defendant then told the plaintiff that the order had been ready for some time, and he, the defendant said, either that he had forgotten, or that he had neglected, to send it to the plaintiff, and that he wished the plaintiff to take it, and call and get the cloth. Some time in the month of September, the defendant and Field settled, and Field owed him fifty or sixty dollars. The defendant told Field he should draw on him for ten dollars in cloth, and Field replied that the cloth would be ready at any time   On the 2d day of November, Field absconded, and left the state. It was not prov-

FRANKLIN,
January,
1832.

Abell
vs.
Warner.

ed, that the order was ever presented to Field, or at his residence, for payment: but it did appear to the satisfaction of the court, that *the defendant was notified that it was not paid,* soon after Field absconded, though the precise time was not proved. It appeared that the plaintiff and defendant and Field, until he absconded, all resided within a few miles of each other. It was also proved that the plaintiff at the time of making the said contract, and for two or three years after, was a minor. All the evidence was given in support of the second count. Upon this proof, the court rendered judgement for the plaintiff, and assessed the damages at $11,90. To which decision of the court the defendant excepted, and the case was brought here for revision and correction of errors in law.

*Smalley and Adams, for defendant* insisted, 1. That the receipt of a bill or note implies an undertaking from the receiver, to present the one for acceptance, and each for payment, and to give notice to the drawer or endorser of a failure in the attempt to procure a proper acceptance or payment; and a default in any of these respects makes the bill or note operate as a satisfaction of any debt, or demand for which it was given.—*(Bailey on Bills, 124.)* In this respect there is no difference between the order in question, and any inland bill.—*(1 Ver. Rep. 136.)*

2. It results as a necessary inference from the general doctrine, that one who receives a bill or note of a third person for goods sold, cannot resort to the consideration for which the bill or note was received, before he has performed his duty, as to demanding payment, &c. on such bill, or note.

3. Infancy of the plaintiff can have no effect upon the rights of the drawer. Infancy is a privilege, which is given "as a shield, and not as a sword."—*(3 Bur. Rep. 1794.)* No case can be found, where an infant has been permitted to *rescind* an *executed* contract, unless all parties could be restored to their former situation. If the law were otherwise, no man would sell to an infant an article; because the infant after having paid his money, and sold or lost the article purchased, might demand and recover the original purchase money. In this case the plaintiff kept the order until the drawee was bankrupt, by which the defendant was prevented from withdrawing his funds from Field's hands—and now the plaintiff wishes to resort to his original demand.

*Brown and Bascom, for plaintiff,* contended, 1. That the or-

FRANKLIN,
*January,*
1832.

Abell
*vs.*
Warner.

der referred to in the case, is not in the nature of a bill of exchange, and, therefore, not within the rules of the law merchant. This order was a direction for Field to let the holder have ten dollars in fulled cloth, and not for the payment of money. No consideration is expressed in the order, nor can any be fairly implied from its tenor. It would no more bind the holder to diligence required by the law merchant, than a verbal order. Suppose the defendant had told Field to deliver ten dollars worth of cloth to the plaintiff, and had agreed orally with the plaintiff to call and get it, would the court extend the law merchant to this mere verbal agreement? This case does not compare with a promissory note payable in specific articles. Where a note is endorsed, the endorser parts with the evidence of his debt, and all right to inforce payment or to discharge the demand. If the law protects the equitable interest of the holder, it is perfectly just that he should be required to use due diligence. Suppose the defendant had taken a note of Field on settlement for the balance due to the defendant, the order to the plaintiff would give him no control over such note : the defendant might receive the full amount of the note notwithstanding the order to the plaintiff. To extend the law merchant to orders of this description would be new, and extremely embarrassing.—*( Chit. on Bills,* 32:)

2. It appears from the case, that the plaintiff was a *minor* at the time of making the contract. It is a general rule that infants are not liable for their contracts express or implied—and all contracts by infants, except for necessaries, when there is no semblance of benefit, and they do not acquire any thing, but contract to pay, or do something, or to transfer property, are either void, or voidable, according to their nature.—(1 *Black. Com.* 492–3 ; 1 *Swift's Dig.* 55.) An infant may avoid all his contracts against his interest. The contract of the plaintiff to receive cloth for his labour of Field was against his interest, and he might avoid it.—*(*1 *Swift's Dig.* 56 ; 6 *Mass. Rep.* 78 ; 13 *Mass. Rep.* 204.) An infant loses nothing by his laches.—*(*3 *Bac. Abr.* 128.) He cannot endorse a bill, or note.—*( Chit. on bills,* 20.)

BAYLIES, J., *delivered the opinion of the Court.*—In the summer of 1827, the plaintiff made a contract with the defendant to labour for him in haying one month, and therefor the defendant agreed to pay the plaintiff five dollars in money and ten dollars in fulled cloth ; and draw an order on Anson Field for the cloth. The plaintiff performed the labor according to his contract ; and

FRANKLIN,
January,
1832.

Abell
vs.
Warner.

the defendant paid the five dollars in money, but did not pay the fulled cloth.    On the 28th of October, 1827, the plaintiff received an order on Anson Field for the cloth, and on the 2d of November, following, the said Field absconded, and left the state, before the plaintiff presented the order to him for payment; and the plaintiff gave the defendant immediate notice of non-payment. This action is brought to recover compensation for the work and labor of the plaintiff, who was a minor under twenty one years of age, when he made the contract and performed the services. The question is, whether the plaintiff, under existing circumstances, has a right to avoid his contract, and recover on his general count for work and labour.

It is a well established rule of law, that an infant has a right to avoid his contracts : and it matters not, whether his contract is fair, or unfair, he has a right to rescind it.    But to this rule there are some exceptions.    An infant may bind himself to pay for his necessary meat, drink, apparel, physic, and his good teaching and instruction, whereby he may profit himself afterwards.    He may also, if married, take up provision for his wife and children.    But it must appear that the things were actually necessary, of reasonable prices, and suitable to the infant's degree, and estate—considerations, which regularly must be left to the jury.—(*Bingham on Infancy*, 86.)    If the jury find that the things were necessaries, and of a reasonable price, it shall be presumed they had evidence for what they thus find; and they need not find particularly what the necessaries were, nor the price of each.    Also, if the plaintiff declares for other things as well as necessaries, or alleges too high a price for those that are necessary, the jury may consider of those things that were really necessary, and of their intrinsic value; proportioning the damages accordingly.—(*Cro. Jac.* 560.)    The question of necessaries is to be governed by the *real*,not the *ostensible*,circumstances of the infant.—(*Peake*, 229 ; 1 *Esp. Rep.* 211.)    But if an infant resides with, and is subject to a parent, master, or guardian whose duty it is to provide necessaries, and he is able and willing to provide them according to the degree and estate of the infant, and without the approval of such parent, master, or guardian, the infant purchases necessaries for himself, he is not liable to pay for them.—(2 *Black. Rep.* 1325 ; 9 *Johns. Rep.* 141 ; 16 *Mass. Rep.* 32 ; *D. Chip. Rep.* 252.)

But the defendant insists that, " no case can be found, where an infant has been permitted to rescind an *executed* contract, un-

FRANKLIN,
January,
1832.

Abell
vs.
Warner.

less all parties could be restored to their former situation." If this be true, then the privilege of infants is not worth possessing. According to this notion of the law, an infant, who has, by deed, conveyed his real estate worth $5000, for $500, and has spent the money, cannot rescind the contract, because he cannot refund the $500, and place the purchaser in his former situation. This cannot be law. I understand the books to say, that a title to land derived from an infant by *fine, recovery, statute,* or *recognizance,* may be avoided by the infant in his minority—the two first by writ of error; and the two last be *audita querela.*—(*Bing.* 57, 8.) If an infant make a *feofment,* he can avoid it by entry, either within age, or at full age.—(*Ib.* 60). As to all other conveyances *in pais,* whether in fee, tail, for life, or years, it *seems* the infant, or his representatives, may avoid them by *trespass, assize,* or *entry,* within, or after age.—(*Ib.* 62.) Where an infant, by bargain and sale, deeded his land to A, and, after he came of age, by another bargain and sale, deeded the same land to B, it was adjudged, that the last deed avoided the first.—(11 *John. Rep.* 539; 14 *do.* 124.) An infant shop-keeper, who contracts, for goods to sell again, in the course of his trade; or an infant, who contracts for goods, not necessaries; or who borrows money, though he afterwards actually lays it out in necessaries, is not liable for the goods sold, or money lent.—(*Bing.* 29.) When the general issue of *non assumpsit* is pleaded, infancy may be given in evidence to avoid the promise or undertaking of the defendant.—(*Ib.* 63.) An infant's bond, or covenant, under seal, may be avoided by a plea of infancy.—(*Ib.* 63.) But infancy cannot be given in evidence under the plea of *non est factum.* An infant owned a promissory note, which he transferred to A for a worthless watch. The next day after the contract was executed, the infant tendered the watch to A, and demanded the note; but A refused to receive the watch, or to deliver up the note. It was adjudged, that the tender of the watch, and demand of the note by the infant, was an avoidance of his contract.—(13 *Mass. Rep.* 204.) This was a contract *executed* by both parties, and afterwards avoided by the infant. An infant received $50 in full for an assault and battery on his person, and gave a discharge to one of his assailants. It was considered, that he might avoid the discharge. Here was another contract *executed,* and avoided by the infant. *Parsons, Ch. J.,* in delivering the opinion of the court, in this case, says; "An injury done to an infant by assaulting and beating him, vests in him a right of action, to recover adequate

20

FRANKLIN,
January,
1832.

Abell
ns.
Warner.

damages. He is not however supposed to have capacity to ascertain the damages, and, therefore, if he release them, he may avoid the release. On the same ground, if he submit his rights to arbitration, he will not be bound by the award, from a presumed incapacity to choose suitable arbitrators. For the same reason, if he attempt himself to ascertain the damages, he cannot be obliged by this act, although he may have received the damages he claims. They may be extremely inadequate to the injury, and the law will protect him, as well against himself as against others. —(6 *Mass. Rep.* 78.) The law makes no distinction between contracts *executed,* and contracts *not executed,* as to their being voidable. Every personal contract to which an infant is a party, if not entered into for necessaries, which he has actually received, may be avoided by him, whether it be fully executed or not, unless he has confirmed such contract by his acts, or words, after he arrived to the age of twenty-one years.

In the case under consideration, the plaintiff was an infant, when he made the contract, and continued to be so for two or three years afterwards; therefore, he could not confirm his contract before he brought this action. If the plaintiff had received the fulled cloth of Anson Feld, on the defendant's order, and the contract had been fully executed ; yet, if the fulled cloth was not necessary for the plaintiff, he had a right to avoid the contract, and submit his claim to a court and jury to ascertain what he merited for his work and labour. This is the privilege, which the law affords to an infant, on account of his supposed incapacity to judge of the value of things. But so far as an infant is capable of distinguishing between right and wrong, it is as much his duty to conduct himself honestly, as it is the duty of an adult ; therefore, in this case, if the plaintiff had received the cloth, and had not offered to return it to the defendant, but intended to keep it, and recover the full value of his work and labour, it would be a gross fraud, which should not be tolerated. To prevent such fraud, it might be right for the court to direct the jury according to the principles of law in the above case, (6 *Mass. Rep.* 78 ;) that is, if the five dollars, and cloth received by the plaintiff, were equal in value to the plaintiff's work and labour, then he should recover only nominal damages: but if they were of less value than the work and labour, the plaintiff should recover the difference. But where an infant is defendant, and would avoid his contract by infancy, his defence cannot be avoided by the plaintiff's showing, that the infant intends a fraud upon him. If the

plaintiff wants relief against fraud, he may resort to a court of equity. In some cases, where the infant rises above the age of discretion, a court of equity will relieve against his fraud.—(*Bing.* 113.)

FRANKLIN,
*January,*
1832.

Abell
*vs.*
Warner.

I have proceeded thus far, on the supposition that this contract, between the plaintiff and defendant, was fully executed. But the case shows that this was not the fact. The plaintiff never received the fulled cloth ; but he received an order for the cloth in pursuance of his contract. So long as this contract remained in force, the order was a sufficient authority for the plaintiff to have received the cloth : but his authority ceased the moment the plaintiff avoided his contract ; and then the defendant became entitled to the order. To set up the receipt of this order by the plaintiff in bar of his right to avoid his special contract, cannot be allowed. If the law implied a promise on the part of the plaintiff, when he received the order, *to use due diligence in presenting the order for payment, and giving notice back of nonpayment,* this *implied* promise may be avoided by infancy, as well as the *express* promise, to take cloth in payment. An infant cannot be a party to a bill of exchange ; and if he endorse a negotiable note, he may avoid his endorsement by infancy. Whether the law merchant would apply to an order of this description, in the hands of an adult, and would require him to use diligence in presenting the order for payment, and giving notice of nonpayment, is not necessary to decide in this case.

The judgement of the county court
is affirmed with additional costs.