LAFAYETTE PRICE, *by his guardian v.* JAMES M. FURMAN, *apt.*

### Infancy.

The right of infants to avoid their contracts, and the consequences resulting therefrom considered and stated.

If an infant avoids his contract he must restore the consideration he received for it, if it be in his possession and control; but if he has disposed of it during his minority, so that he cannot restore it, he is not thereby deprived of his privilege of avoiding.

If an infant returns the property which he has purchased and avoids his contract respecting it, and brings his action for the recovery of its consideration, testimony that the property returned has depreciated in value is inadmissible either for the purpose of defeating a recovery or in mitigation of damages.

TROVER for a harness and a five dollar bill. Plea, the general issue; trial by the court, March Term, 1854,— PIERPOINT, J., presiding.

The plaintiff's testimony tended to prove that about the 1st of September, 1851, he let the defendant have a harness and a five dollar bill, which at the trial could not be described or identified, in exchange for a mare of the defendant's; that after a few weeks he returned the mare to the defendant and demanded the harness and five dollars; that the defendant refused to deliver either, or to take back the mare, and that thereupon he turned the mare loose into the highway and left her, and soon afterwards commenced this suit; and that at that time, and also at the time of the trial, he was a minor.

The defendant offered to prove that said mare was worth much more than said harness and five dollars, and that said mare was more beneficial to the plaintiff than the property he exchanged for her, and that said trade was in every respect fair, and to the great advantage of the plaintiff; that the plaintiff took said mare home to his mother's and worked her upon the farm, and drove her very hard for seven or eight weeks; and that when he returned her and demanded said harness and five dollars, said mare was worth less than half what she was when he received her; that she was very much reduced in flesh, and otherwise injured by his treatment of her and that during said seven or eight weeks, the plaintiff frequently expressed himself satisfied with said trade. The court excluded this evidence and rendered judgment for the plaintiff to recover the value of the harness only. Exceptions by the defendant.

*A. A. Nicholson,* for the defendant.

*Edgerton & Allen,* for the plaintiff.

The opinion of the court was delivered by

Isham, J. The plaintiff has brought this action of trover to recover the value of a one-horse harness and five dollars in current money, which was given by him, then and still a minor, to the defendant in exchange for a mare. The plaintiff has offered to return the property he received, and has disaffirmed the contract, and has now brought this action to recover the value of the property which he gave on that exchange. The county court allowed a recovery for the harness, but disallowed the five dollars in money.

No exception having been taken by the plaintiff for that matter, the case now rests upon the right of the plaintiff to recover for the harness.

As a general rule all contracts of an infant, whether executed or executory, if not for necessaries, may be avoided by him unless he has ratified them after arriving at full age. *Abell* v. *Warren*, 4 Vt. 149. The purchase of this horse was not a contract for necessaries, and it is one of that character which may be avoided by the infant. It is immaterial whether the contract was advantageous for the plaintiff or not ; it is his privilege to rescind it, and in that event it cannot be enforced. In cases of sales of land, it has been held, that an infant may enter under age, and hold and take the profits, but cannot conclusively avoid a conveyance till he is of age. *Stafford* v. *Roof*, 9 Cowen 626. *Bool* v. *Mix*, 17 Wend. 120. But contracts relating to personal property may be avoided under age and immediately, and in many if not most cases must be exercised during that period, in order to afford the infant that protection which it has been the policy of the law to create in his behalf. *Stafford* v. *Roof*, 9 Cowen, 626. *Shipman* v. *Horton*, 17 Conn. 481. *Willis* v. *Twambly*, 13 Mass. 204. 1 Amer. Lead. Cas. 259. " This right of the infant to avoid his contracts is an absolute and paramount right, superior to all equities of other persons, and may therefore be exercised against *bona fide* purchasers from the grantee, and that avoidance may be by any act clearly demonstrating a renunciation of the contract." *Vent* v. *Osgood*, 19 Pick. 572. 1 Amer. Lead. Cas. 259.

The consequences resulting from an avoidance of such a contract, depend upon the circumstances of each particular case. On executory contracts, if the action is brought against the infant, he may interpose his non age as a defence, and no recovery can be had against him, whether the action be in assumpsit, or in case in form *ex delicto*. *Morrill* v. *Aden*, 19 Vt. 505. *Jennings* v. *Randall*, 8 Term. 335. But if the contract is executed, and the action is brought by the infant to recover back the amount which he has paid, or the property which he has delivered, more difficulties arise. In the case of *Holmes* v. *Blogg*, 8 Taun. 508, it was held, that where an infant had paid money as a premium for a lease, and enjoyed the same for a short period during his infancy, but avoided it after he

became of age, he could not recover the sum so paid. Upon the authority of that case were decided the cases of *M' Coy* v. *Huffman*, 8 Conn. 84, and *Weeks* v. *Laighton*, 5 N. Hamp. 343. But in *Midbury* v. *Watrous*, 7 Hill, 110, the case of *M' Coy* v. *Huffman* is expressly overruled, and the case of *Holmes* v. *Blogg*, has been virtually overruled by the case of *Corpe* v. *Overton*, 10 Bing. 252. The doctrine is now well settled by the authorities, that when a contract is avoided by an infant, he may recover back, whatever he has paid or delivered on it. If services have been rendered he may recover in *quantum meruit*, the value that his services have been upon the whole state of the case; if money or property has been paid or delivered, it can equally be recovered. *Moses* v. *Stevens*, 2 Pick. 332. *Vent* v. *Osgood*, 19 Pick. 572. *Voorhees* v. *Wait*, 3 Green. 343. *Judkins* v. *Walker*, 17 Maine, 38. *Whitemarsh* v. *Hall*, 3 Denio, 373. But in all such cases as a general rule, if the infant rescinds the contract and avoids his liability upon it, he must surrender the consideration, and return what he has received; for it would be unjust to permit him to recover back what he has paid or delivered, and at the same time permit him to retain the fruits of the contract, which he has received. *Taft & Co.* v. *Pike*, 14 Vt. 405. *Walker* v. *Ferrin*, 4 Vt. 523. *Weed* v. *Beebe*, 21 Vt. 495. *Hillyer* v. *Bennett*, 3 Edwards, Ch. 222. *Kitchen* v. *Lee*, 11 Paige, 107. This rule, however, is subject to an important qualification. A distinction is to be observed between the case of an infant *in possession of such property after age*, and when he has lost, sold, or destroyed the property *during his minority*. In the former case, if he has put the property out of his power, he has ratified the contract and rendered it obligatory upon him; in the latter case the property is to be restored *if it be in his possession and control*. If the property is not in his hands, nor under his control, that obligation ceases. To say that an infant cannot recover back his property which he has parted with under such circumstances, because by his indiscretion he has spent, consumed or injured that which he received, would be making his want of discretion the means of binding him to all his improvident contracts, and deprive him of that protection which the law designed to secure to him. The authorities, we think, fully sustain this qualification of that rule. *Fitts* v. *Hall*, 9. N. H. 441. *Robbins* v. *Eaton*, 10 N.

Hamp. 562. *Boody* v. *McKenney*, 23 Maine, 517, 525, 526. 1 Amer. Lead Cases, 260, in notes by Messrs. Hare & Wallace.

On these general principles the plaintiff can sustain this action to recover the value of this harness, as there was an offer to return the property which was in his possession and under his control; and this right is unaffected by the circumstance, that the mare was not in as good condition, or of the value, that it was when received by him. The evidence, therefore, showing that the mare had depreciated in value while in the plaintiff's hands, was inadmissible for the purpose of defeating a recovery in this action, or for the purpose of reducing the damages. The infant is no more liable for the use, than he would be for the purchase of the mare, particularly as there is nothing in the case showing, that he was personally benefited by it, or that in any point of view, it could be deemed necessaries for which he would be liable.

The judgment of the county court is affirmed.