NELSON P. BROMLEY, BY NEXT FRIEND, v. SCHOOL DISTRICT NO.
5 IN TINMOUTH.

*Accord and Satisfaction.    Infancy.    Contract for Service.*

It is well settled in this state, that if there is a claim in dispute between parties, whether in suit or not, and one party offers the other a specific sum in full settlement and satisfaction of the claim, which he receives, it operates as an accord and satisfaction, although the party receiving it protests that he only receives it in part satisfaction of his claim.

But an infant is not bound by such receipt.

The plaintiff, having a proper certificate from the town superintendent of schools, was hired to teach school for the defendant for the term of three months. He taught six weeks, when most of the district became dissatisfied with his school, and only one or two scholars attended. The stove legs and pipe were carried from the school house, and the plaintiff had to close his school; but was requested by the prudential committee to hold himself in readiness to go on with the school the remainder of the term, which he did, and could get no other employment. The prudential committee made no effort to put the school house in condition for the school to continue. *Held*, that the plaintiff was entitled to recover for the full term.

ASSUMPSIT.    The case was referred, and the referee reported the following facts :

" The plaintiff was hired by one Strange, the defendant's prudential committee, to teach school in said district for three months, commencing November 27, 1871.    The plaintiff received a certificate from the town superintendent of schools in Tinmouth, authorizing him to teach in the common schools in said town, for one year from November 25, 1871 ; and the plaintiff commenced to teach on the 27th of November, as agreed, and continued to teach for six weeks, when the greater part of the district became dissatisfied with his school, and for the last few days of it only one or two scholars attended.    At last the stove legs and stove pipe in the school-house were carried away, so that the school had to be closed, and the plaintiff left the district, but was requested by Strange to hold himself in readiness to go on with the school for the remainder of the term, and he did so, and could get no other employment.    Strange made no effort to put the school-house in order or to have the school continued.    On consultation with two friends of the teacher in the district, he concluded it was best to let the matter rest, and have the plaintiff draw his pay for the full term.    The day the plaintiff left, he saw the clerk of the

district, told him he would complete the register and return it to him in a few days, but did not do so till the 20th of February, the term having expired on the 17th of February. The day the term expired, Strange executed and delivered to the plaintiff an order upon the treasurer of the district for $72, which the plaintiff presented for payment to the treasurer on the same day. The plaintiff having failed to find the district clerk on that day so as to return the register to him, subsequently procured Strange to change the date of said order to the 27th of February, and the referee does not find that said order was again presented to the treasurer for payment.

"The defendant offered to prove misconduct on the part of the plaintiff in managing and conducting his school; but as his certificate had not been revoked by the town superintendent, and he had not been discharged by the prudential committee, this evidence was excluded. In June, 1872, after the commencement of this suit, one Capron, the agent of the district to defend the same, saw the plaintiff and his father, and told them he had been instructed by the district to pay the plaintiff $40 in money, to settle the suit, and if the plaintiff would not take that, he might go on with the suit. The plaintiff having refused the offer, Capron took $40 in money from his pocket and said, ' I tender you this money to pay you for your services and costs.' The plaintiff, after having taken counsel, saw Capron again at his house prior to the trial before the justice, and said to him that he had concluded to take the money offered him—that he would take it as a tender to apply on what the district owed him, but he would not take it in full. Capron replied that he was acting under the instructions of the district, and that he had the money for him, and any time he would take it in settlement of the suit, he was instructed to let him have it, and handed the plaintiff the $40 in money. The plaintiff replied, ' I will take the money, but I want you to remember that I do not take it in full, but to apply on what the district owes me.' Capron, at some time during this transaction, but just at what stage of it does not appear, wrote a receipt in full for the plaintiff to sign ; but the plaintiff refused to sign it, and the receipt was altered so as to state that the plaintiff had received of Capron $40 in money for the district, and was then signed by the plaintiff. The plaintiff understood the offer of the money made to him by Capron upon their first interview, to be a tender, and was advised by his counsel, and believed, that he could safely take it, and that it would not prejudice his right to recover the balance he claimed was due him; and at the time he took it, he honestly believed he was taking it as a tender, and so

gave Capron distinctly to understand. The plaintiff at this time was a minor, but his father allowed him to act for himself in this transaction."

The referee found for the plaintiff to recover the balance for the whole term agreed upon for him to teach, subject to the opinion of the court upon the facts reported.

The court, at the March term, 1874, WHEELER, J., presiding, rendered judgment on the report for the plaintiff. Exceptions by the defendant.

*W. H. Smith*, for the defendant.

The receipt of the $40 by the plaintiff, operates as a bar to his further recovery. This case is fully within the principle of *McDaniels* v. *Lapham et als.* 21 Vt. 222 ; *McDaniels* v. *Bank of Rutland et als.* 29 Vt. 235 ; *Towslee* v. *Healey*, 39 Vt. 522 ; and is plainly distinguishable from *Miller* v. *Holden*, 18 Vt. 337—considered and explained in 21 Vt. 237 ; *Gassett* v. *Andover*, 21 Vt. 342, and *Preston* v. *Grant*, 34 Vt. 201.

The plaintiff cannot recover upon his order, as that was never presented for payment after he returned the school register, which alone entitled him to an order, or any pay. Gen. Sts. 883–4. The plaintiff's claim must, therefore, rest upon its merits under the contract. The case shows bad faith in the matter on the part of the plaintiff and the prudential committee, and such as will defeat the plaintiff's claim. The receipt given by the plaintiff cannot affect the case—it is according to the legal effect of the transaction.

*Joyce & Lawrence*, for the plaintiff.

The plaintiff is entitled to recover pay for the whole time. Evidence of misconduct in the management of the school by the plaintiff, was properly excluded by the referee. *Mason* v. *School District*, 20 Vt. 487 ; *Paul* v. *School District*, 28 Vt. 575. The giving of the order by the prudential committee, is conclusive upon the district. He is the defendant's agent to make and close the contract with the teacher ; he is made so by statute. *Edson* v. *Sprout & Tr.* 33 Vt. 77.

The forty dollars received by the plaintiff, was no accord and satisfaction of his whole claim. *Miller* v. *Holden*, 18 Vt. 337 ; *Gassett* v. *Andover*, 21 Vt. 342. In order to give it that effect, the plaintiff must have understood that he was so receiving it. Again, the condition on which the money was first offered, was waived by the taking of the receipt by defendant's agent. The damages in the case are liquidated and certain, and a receipt of part would not be a satisfaction of the whole.

But even if the court hold that such acceptance of the forty dollars was an accord and satisfaction, the plaintiff being a minor could not be bound thereby. *Baker* v. *Lovett*, 6 Mass. 78 ; *Abell* v. *Warren*, 4 Vt. 149 ; 4 M. & W. 650.

The opinion of the court was delivered by

ROSS, J. The law is well settled in this state, that if there is a claim in dispute between two parties, whether in suit or not, and one party offers to the other a specific sum in full settlement or satisfaction of such claim, and the other receives the sum, though he protest never so stoutly that he receives it only in part satisfaction of his claim, such receipt of the money operates as an accord and satisfaction of the claim. The party receiving the money takes it burdened with the condition placed upon it by the party offering it, and has no power to change that condition, unless the party making the offer expressly or impliedly consents to waive the condition. That the party receiving the money supposed, through ignorance of the law, that it would only operate as a payment of his claim *pro tanto*, does not change the legal effect of such a transaction. Every person is presumed to know the law, and the legal effect of his acts under the law. If the plaintiff had been an adult at the time he received the $40, such receipt would have been an accord and satisfaction of his claim against the defendant. *McDaniels* v. *Lapham*, 21 Vt. 222 ; *Towslee* v. *Healey*, 39 Vt. 523. That claim was then in dispute between the parties. Capron, the defendant's agent, told him the instructions under which he was acting, and that if he would take the money in settlement of his suit, he was instructed to let him have it, and handed the plaintiff the money. The plaintiff took it, but said

" I do not take it in full, but to apply on what the district owes me." Capron did not at any time intimate that the plaintiff could take the money on any other condition than in settlement of the suit. We do not think that Capron's remark made on a previous occasion, " I tender you this money to pay you for your services and costs," taken in connection with what he then had just said, was any waiver of the condition. Besides, when the plaintiff subsequently took the money, Capron repeated his instructions, and told the plaintiff that it must be in settlement of the suit. The receipt of money thus offered on condition, is the acceptance of the offer as made, and legally operates to conclude a contract, binding the parties to the terms of the offer. As such contract, it was not binding upon this plaintiff, because he was then a minor, and legally incapacitated to bind himself by contract. This is an elementary principle. The cases, *Abell* v. *Warren*, 4 Vt. 149, and *Baker* v. *Lovett*, 6 Mass. 78, are directly in point. In the latter case, it was held that a settlement with one co-tortfeasor and defendant in a suit, by a plaintiff who was a minor, did not discharge the other defendant, and upon the ground, that the plaintiff was legally incapacitated to estimate his damages and make a settlement of them that would be binding upon him. The defendant claims that the plaintiff is bound by the receipt of the $40 in this case, because the report finds that his father allowed him to act for himself in this transaction. But the very reason why he was not bound by the receipt of the $40, was because he was acting for himself in the transaction, and was the only person with whom Capron dealt in delivering the money. If he had been acting as the agent of another, that other person might have been bound. So, too, if some party legally qualified had been acting for the plaintiff, he, possibly, might have been bound by it. The plaintiff was acting for himself in his own matter when he received the $40, and being legally incapacitated to bind himself by reason of his nonage, is not thereby barred from recovering any balance legally due him from the defendant. The facts reported, we think, are conclusive of the plaintiff's right to recover the balance found due by the referee, if the plaintiff was not concluded by receiving the $40. Judgment affirmed.