EDWARD W. COOPER ET AL. *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

ACCORD AND SATISFACTION.   *Tender in full settlement.   Acceptance.   Protest.*

If a creditor accept from his debtor a sum of money tendered in full satisfaction of his debt, and which would not otherwise have been paid to him, there is an accord and satisfaction, and he cannot recover more, although at the time he accepted he protested that more was due, and threatened to sue for the balance.

FROM the circuit court of Sunflower county.

HON. A. McC. KIMBROUGH, Judge.

Edward W. Cooper and Carl H. Rock, appellants, partners under name of Cooper & Rock, were plaintiffs, and the railroad company, appellee, was defendant, in the court below. The facts were these: Appellants, railroad contractors, entered into a contract with the appellee to clear and grub the right of way of a projected extention of the railroad track. They began the work and were paid in part as the work progressed. When they finished, and desired a settlement in full, a controversy arose between them and the company as to the correct balance due them, there being a material difference between the amount they claimed and the sum admitted to be due them by the company. Not being able to reach a settlement, appellants went to Chicago, the home office of the company, and after repeated and extended interviews there with the chief engineer of the company, not being able to reach an agreement, the engineer

agreed to pay them $6,053.65 in full settlement of the claim. They declined this, but the engineer had voucher made for that amount and tendered it to appellants, stating that the payment was in full settlement and satisfaction of the claim. They accepted the voucher and signed a full settlement receipt, cashed the voucher, and used the money. They afterwards brought this suit against the railroad company to recover the balance claimed to be due them. On the trial they testified that they accepted the voucher, but at the same time stated to the chief engineer that they did not waive their right to the balance, affirming that they would take the voucher, and give the company credit for it, and sue for the balance; but they also testified that the engineer would not agree to this, and told them that they could either accept it in full settlement or stand upon their demand and litigate. The court below gave a peremptory instruction for defendant. From a verdict and judgment in accordance therewith, plaintiffs appealed to the supreme court.

*Johnson, Chapman & Neill,* for appellants.

Was there an accord and satisfaction by the final settlement in Chicago? The general rule is laid down in 1 Cyc. 319.

"(I) *Statement of general rule.*—When the debt or demand is liquidated or certain and is due, payment by the debtor and receipt by the creditor of a less sum is not a satisfaction thereof, although the creditor agrees to accept it as such, if there be no release under seal or no new consideration given. Payment of a less amount than is due operates only as a discharge of the amount paid leaving the balance still due, and the creditor may sue therefor notwithstanding the agreement. A court of equity has no power to enjoin collection of the balance.

"(II) *Reason for rule.*—The reason for the rule is that the agreement is without consideration and void, as the debtor is under an obligation to pay the whole debt at the time and the

creditor is entitled to receive the whole.   The doctrine has been freely criticised in most of the courts which have had occasion to consider it; but with one exception they have nevertheless adhered to it, unless, as in the case of some jurisdictions, it has been abrogated by express statutory provisions.

"(III) *Extent of rule.*—The general rule is not affected by the fact that the debtor has a surety and that the debt is due by bond, nor by the fact that payment of a less sum is made by depositing in the bank and giving check thereon, as this does not change the character of the payment or give it an effect other than if the money had been paid directly.   So, also, the rule is not affected by the fact that the debt is a judgment debt. The desire of the parties to avoid trouble and contention is not recognized as constituting a legal consideration for such agreement.   Neither does the fact that the debtor borrowed the money to make the settlement at the creditor's request affect the rule.

"(V) *Rule, how affected by giving receipt in full.*—In the absence of statute providing otherwise the rule is settled, except in one state (Connecticut) that the giving of a receipt in full does not in any way affect the rule that payment of a less sum in discharge of a greater sum presently due is not a satisfaction thereof though accepted as such, and it is immaterial that the debtor knew that there was error or fraud."

We call the attention of the court to the authorities cited in the notes in support of the text which we have copied.   This subject in this cyclopedia is edited by Seymour D. Thompson. A full discussion of this subject with the same conclusion as to what is the law is found in the notes to *Jones* v. *Perkins,* 29 Miss., 139, 64 Am. Dec., 138; also in notes to *Fuller* v. *Kemp,* 20 L. R. A., 785.

The reason of the rule as given in the text book quoted and as is set out in many of the authorities is that the agreement to take a less sum in payment of the whole debt is without con-

sideration and therefore void. The rule and the reason for it may be technical, but so are very many of the revered principles of the law. A rule of the common law, set up and adhered to for nearly three hundred years, should not be ignored and disregarded by the courts as technical and unreasonable any more than a statute should receive this treatment.

The reason of the rule under discussion may receive some light from the examination of a collateral or kindred question, the compromise of doubtful controversies. "To make the compromise valid, both parties must concur in supposing the right to be doubtful, for if the claimants knowing his claim to be groundless, forces the other party to a settlement by threats of suit, the compromise will be void." 6 Am. & Eng. Enc. Law, 714. The rule is even stronger than stated; if both parties believe the claim to be doubtful when in fact and in law it is wholly without foundation, a note for the payment of a certain sum in compromise is without consideration and uncollectable. *Foster* v. *Metts,* 55 Miss., 77.

For a full discussion of the principles involved in cases arising out of invalid claims based upon settlements of controversies we call attention to the Alabama case of *Thompson* v. *Hudgins,* 22 So. Rep., 636. The giving up of a part of a liquidated debt after maturity, at the place appointed for payment, without consideration, is not a binding contract. *Demars* v. *Musser Sauntry S. S. & Mfg. Co.,* 37 Minn., 418.

The opinion of the court in *Clayton* v. *Clark,* 74 Miss., 499, is a very striking and plausible argument, all precedents aside, as to what the common law ought to be; but in the light of the authorities we respectfully submit it reaches a wrong conclusion as to what the common law is.

The rule we have been discussing applies to liquidated claims. Let us see if the debt sued for in this case is properly a liquidated demand. The contract which is the basis of this suit is for the building of a road between certain named points.

Section 8 of the contract provides that when the work is fully completed, "the party of the second part will pay the parties of the first part in full for the performance of same, as follows, to wit: for clearing and grubbing, fifty dollars per acre."

There could be no difficulty, and there was none, in ascertaining the exact number of acres in the job. The engineer in charge of the work testified that there were two hundred and seven and seventy-seven hundredths acres. This measurement absolutely fixed the amount of compensation for this class of work due the contractors. If the amount due can be ascertained by arithmetical calculations, it cannot be said to be unliquidated. *Cincinnati* v. *Cincinnati St. R. Co.,* 6 Ohio N. P., 140.

It is not even shown by any witness that there were some of the acres on the line upon which no clearing and grubbing were done; on the contrary, Cooper testifies that clearing and grubbing were done on every acre of the line. There was no suggestion that any part of the clearing and grubbing was improperly done, none of this work was rejected or discarded by the enginner in charge.

The measurements and calculations were wholly in the hands of appellee. It was unjust to the contractors that this trust should be abused in order to reduce the compensation they were to receive for the job. The report was none the less fraudulent by reason of the fact that appellant detected its inaccuracy. Appellee set up a false basis for a settlement and thereby succeeded in retaining a part of the money that justly, under the contract, belonged to appellants. "If, however, the accord and satisfaction is procured by fraud on the debtor's part—as, for instance, by false representations or by the suppression of material facts—it is not binding, since fraud vitiates all contracts, and hence, in an action on the original obligation the effect of the accord and satisfaction may be avoided by showing these facts. 1. Cyclopedia of Law and Procedure, p. 338, author-

ities cited in notes; see also *Fire Ins. Assn. Limited* v. *Wilkham*, 141 U. S., 564, 35 L. Ed., 866.

In passing upon the question as to whether the settlement in Chicago was an accord and satisfaction the manner of its procurement as well as the other facts and circumstances surrounding the parties at the time should be taken into consideration. According to the terms of the contract the amount due the contractors was a certain fixed sum, to be arrived at by a simple calculation, all of the data for which were ascertained, and not controverted. A different sum from the amount due was paid, based upon a false report of the engineer, unwarranted by any legal construction of the contract, when he well knew, and his employers well know, the proper amount. We insist that in this case the payment of a part of the debt, even if accepted and agreed on as a discharge in full of the whole debt, is not binding upon the appellants. *Demars* v. *Musser Sauntry L. Mfg. Co.*, 37 Minn., 418. Lastly, under any view of the case, to consider part payment of the debt an accord and satisfaction it must have been so agreed upon and understood by the parties. The law on this subject with the authorities is most admirably stated in 1 Cyclopedia of Law and Procedure, p. 331-*b*. As to whether this payment was made under such circumstances as to be fully understood by the parties to the settlement as in accord and satisfaction, we insist under the proof is a question of fact for the jury under proper instructions as to the law, and should not have been passed upon by the court.

*Mayes & Longstreet* and *J. M. Dickinson*, for appellee.

The acceptance by plaintiff of the voucher for $6,058.65 and the signing of the receipt "in full settlement," which was a condition precedent to the cashing of the voucher, constitute a complete accord and satisfaction of plaintiff's demands, and barred any recovery. Plaintiff's witnesses show beyond controversy that the voucher for the amount stated was tendered

to the plaintiff's, both being present, and in full satisfaction of all that was due by the defendant to them under the contract sued on, but that at the time the tender was made the plaintiffs protested that the amount tendered was not all that was due them, and that they would not accept it in full satisfaction of all that was due, but stated that they would give credit for the amount paid and sue for the balance. The testimony shows that the tender was made in full settlement of all that was due and that the plaintiffs were expressly told that if they accepted it at all it must be in full settlement, and that they did accept it, though protesting that it was not all that was due. The question, therefore, presented is, do the facts stated constitute an accord and satisfaction, for if so, the plaintiffs are not entitled to recover in this suit.

"An accord is an agreement whereby one of the parties undertakes to give or perform and the other to accept in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is or considers himself entitled to, and satisfaction is the execution of such agreement." Of course, where an accord has been executed it operates as a complete bar to an action on the original claim in the absence of fraud, mistake or duress." 1 Cyc. 307, 309.

It is immaterial in this suit whether the demand is liquidated or unliquidated, for in this state it is expressly held that the payment of a less sum in satisfaction of a greater constitutes a complete accord and satisfaction, even though the demand were liquidated.

It has been generally held throughout the United States that "where the debt or demand is liquidated or certain and is due, payment by the debtor and receipt by the creditor of a less sum than is due is not a satisfaction thereof, although the creditor agrees to accept it as such, if there be no release under seal or no new consideration given." Ib., p. 319. "The reason for

the rule is that the agreement is without consideration and void, as the debtor is under an obligation to pay the whole debt at the time and the creditor is entitled to receive the whole." This doctrine has been freely criticised in most of the courts which have had occasion to consider it; but with one exception they have nevertheless adhered to it." Ib., p. 321. This exception is the supreme court of this state, for in Mississippi the supreme court, in the case of *Clayton* v. *Clark,* 74 Miss., 499, has broken away from the long-established rule and holds that the payment of a less sum of money for a liquidated debt, and acceptance and satisfaction of the whole, operates to extinguish the whole debt. This case expressly overruled the case of *Burrus* v. *Gordon,* 57 Miss., 93, and disapproves the *dicta* in *Jones* v. *Perkins,* 29 Miss., 139, and *Pulliam* v. *Taylor,* 50 Miss., 251.

In most authorities cited hereafter, in which we attempt to show that the facts in this cause would constitute a complete accord and satisfaction the claims were in dispute or unliquidated, yet the principles announced in those cases apply just as strongly to the case at bar as if the claims were liquidated, for the reason that in this state, on this question, no distinction whatever is made between liquidated and unliquidated demands.

It is unquestionably true that in order to establish a defense of this character there must be present in the transaction upon which it rests all the elements of a complete agreement. That is, there must be a lawful subject-matter, a sufficient consideration and mutual assent of both parties. Clearly there is a lawful subject-matter, and it is equally clear that the consideration is sufficient, for, as stated, in this state it is expressly held by the supreme court that the payment of a less sum in satisfaction of a greater was of itself sufficient consideration to uphold an agreement of accord and satisfaction.

In the case at bar the defendant tendered to the plaintiff an amount of money evidenced by a voucher in full satisfaction of

all that was due and annexed to this tender, as a part of it, the condition that if it was accepted it must be accepted in full satisfaction of all that was due. The condition on which the money was tendered was made a part of it, and we contend that the plaintiffs could not accept the tender without accepting also the condition, and having accepted both their minds met. On the other hand it is contended by plaintiffs' attorneys that they protested at the time that it was not all that was due them and that they would not accept it in satisfaction of all that was due, but only in part payment, yet the fact remains that they did accept it with the condition annexed to it. The following decisions are directly in point and the facts are not much distinguishable from those appearing in the record of this suit: *McDaniels* v. *Lipham,* 21 Vt., 222; *Preston* v. *Brant,* 34 Vt., 201; *Towslee* v. *Healey,* 39 Vt., 522; *Boston Rubber Co.* v. *Peerless Wringer Co.,* 58 Vt., 553; *Bull* v. *Bull,* 43 Conn., 455; *Potter* v. *Douglass,* 44 Conn., 541; *Reed* v. *Boardman,* 20 Pick., 441; *Donahue* v. *Woodbury,* 51 Am. Dec., 777; *Hilliard* v. *Noyse,* 58 N. H., 312; *Brick* v. *Plymont Co.,* 63 Iowa 462; *Huikle* v. *Minn. & St. L. R. Co.,* 31 Minn., 434.

After a very careful examination we have been unable to find a case reported in this state exactly in point. The only case which we have been able to find on the subject is that of *Darrill* v. *Dodds,* 78 Miss., 912.

This case goes a long ways to bear us out in our contention, for it was held by the court that the acceptance of the money operated not only as a satisfaction of the claim of Mrs. Darrill for the value of the trees, but also barred any recovery by her of statutory penalty.

WHITFIELD, C. J., delivered the opinion of the court.

We think there was an accord and satisfaction in this case. The best discussion by far of the doctrine of accord and satis-

faction we have anywhere found is that by Judge Seymour D. Thompson in 1 Cyc. of Law & Procedure, p. 305 *et seq*. At page 331 he states the law applicable to the case made by the testimony here: "In order that the payment of a smaller sum than demanded shall operate as a satisfaction of the claim, it must be accepted as such. Where a person accepts a tender, but not in full of all demands, this acceptance will not conclude him from claiming more. The nature of the offer or tender by the debtor is an important consideration in determining whether there has been an accord and satisfaction. To constitute an accord and satisfaction, it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions. The mere fact that the creditor receives less than the amount of his claim, with knowledge that the debtor claims to be indebted to him only to the extent of the payment made, does not necessarily establish an accord and satisfaction. Where, however, a sum of money is tendered in satisfaction of the claim, and the tender is accompanied by such acts and declarations as amount to a condition that, if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such condition, an acceptance of the money offered constitutes an accord and satisfaction. This is true, although the creditor protests at the time that the amount paid is not all that is due, or that he does not accept it in full satisfaction of his claim. Where the tender or offer is thus made the party to whom it is made has no alternative but to refuse it or accept it upon such condition. If he accepts it he accepts the condition also, notwithstanding any protest he may make to the contrary." This is the true prin-

ciple. The debtor making tender of a certain sum in full satisfaction has the right to attach to his tender such lawful conditions as he pleases, and the creditor accepting under such circumstances must accept the tender as conditioned. This is good sense and sound law, and we may add this is the law generally, quite independently of the principle announced in *Clayton* v. *Clark,* 74 Miss., 499, 21 South., 565, 22 South., 189, 37 L. R. A., 771, 60 Am. St. Rep., 521. See, specially, *Fuller* v. *Kemp* (N. Y.), 33 N. E., 1034, 20 L. R. A., at page 809, and also *Bromley* v. *School District,* 47 Vt., 381. Many other authorities to the same effect are collated in the very accurate and discriminating brief of learned counsel for the appellee. See, specially, *Darrill* v. *Dodds,* 78 Miss., 912, 30 South., 4. To hold, in a case where the debtor tenders a certain sum in full satisfaction, and requires a written acceptance of it as received in full satisfaction, which acceptance is duly signed, that the creditor so accepting can, by merely protesting, discharge the tender of the express conditions on which alone it is made, would be to declare that the debtor has not the legal power to attach any conditions to his tender, and this manifestly is unsound.

*Affirmed.*