## UNDERWOOD v BROWNING

Ohio Appeals, 6th Dist, Lucas Co

Decided Jan 4, 1937

Edgar M. Flowers, Toledo, for appellee.

Fraser, Effler, Shumaker & Winn, Toledo, for appellant.

## OPINION

By LLOYD, J.

On June 2, 1933, appellee, David J. Underwood, as plaintiff, filed his petition in the Court of Common Pleas against the appellants, Hiram B. Browning and wife, partners doing business under the firm name of The Elimino Company, as defendants, to recover the sum of $1947.60 with interest thereon from March 31, 1932, claimed due on an alleged verbal contract entered into between the parties on or about October 28, 1931. He alleges that by the contract so made he was employed by Browning as sales manager for the business of The Elimino Company, and as sales manager thereof rendered continuous services from that date until March 28, 1932, and that between November 4, 1931, and March 22. 1932, The Elimino Company sold 55,425 Elimino devices, the balance due him for services in relation thereto being the above mentioned sum of $1947.60.

This action has been twice tried in the Court of Common Pleas, the judgment rendered on the verdict at the first trial having been reversed by this court and the cause remanded for a new trial. The answer then on file was a general denial with a counterclaim for $106.67. Subsequent to that trial an amended answer and cross-petition was filed somewhat changing the issues as theretofore presented. In addition to what in effect is a general denial, Browning pleaded in his amended answer as a second defense an

accord and satisfaction founded upon the giving to and acceptance by Underwood of a check dated March 5, 1932, for $33.74, upon the margin of which was written "Commission in full to Mar. 5-32." The check was endorsed by Underwood and cashed by Mrs. Underwood at The Rainie-Barbour Company, and was honored by The Toledo Trust Company on which it was drawn, on March 15, 1932. The cross-petition includes the same alleged counter-claim pleaded in the original answer and cross-petition, for items appearing to have accrued subsequent to March 5, 1932. The reply to this alleged counterclaim was a general denial. From an adverse judgment of $1900, Browning appeals to this court, urging as prejudicial error that the trial court did not instruct the jury on the issue of the alleged accord and satisfaction. As to this check and its legal effect, the court instructed the jury as follows:

"Now it does not appear from the evidence that up to that time there was any dispute between the parties as to the amount due upon the account or whether or not there was any amount due by reason of the relationship existing between the parties, whatever it may have been. However, you are to consider this evidence in determining whether or not the account between the parties was fully settled at that time and in determining the effect of that check and of that particular transaction you must determine what was in the minds of the parties at the time. As I have said, there is no evidence that there was any dispute at that time. What did they contemplate? Was this a payment upon the claim, as made by plaintiff, if you find the contract to exist as plaintiff claims it? Or was it a payment upon the contract which the defendant claims existed, if you find there was that kind of a contract? And you will give such effect to that exhibit as you determine from the evidence it may be entitled to; what effect it had upon the relation of the parties and what effect it had upon the controversy which is being submitted to you."

Our judgment is that if the notation "Commission in full to Mar. 5-32" was on the check when received by Underwood, it constituted an accord and satisfaction of whatever sums, if any, by way of commissions, were theretofore earned and payable to him. The evidence is in conflict as to the nature of the contract and the amount of commissions, if any, to which Underwood

was entitled, and approximately fifteen months elapsed from the time of his claimed termination of his relations with Browning under his version of the contract, before he commenced his action in the Court of Common Pleas to recover the amount which he claimed was still due him. Early in March, 1932, Underwood and Browning entered into a written agreement relating to Underwood's undertaking to sell Eliminos in New York, and Underwood testified that pursuant to the arrangement then made, he left Toledo for New York "somewhere around the middle of March, 1932," and that while his going to New York was under discussion, the March 5, 1932. check for $33.74 was given to him by Mr. Browning, and that he endorsed and gave it to Mrs. Underwood, by whom it was cashed. He further testified that when the check was received by him and given to Mrs. Underwood he knew that it was not a complete payment of the balance then due him, and said that the notation "Commission in full to Mar. 5-32" was not on the check when it was received by him and that if it had then been thereon he would not have accepted it, but "would have probably started doing a lot of talking with Mr. Browning," because he then knew that there was coming to him more than $33.74.

Mrs. Underwood testified that the notation was not on the check when it was cashed by her.

The check was written by Mrs. Browning, who testified that as bookkeeper for Mr. Browning she kept a record of the Elimino business and drew the $33.74 check at his direction, Mr. Underwood's account showing that much then due him. She said she first wrote the "in full" notation on the check and that all of the writing thereon was done by her and no changes or alterations thereof were thereafter made. A handwriting expert expressed the positive opinion that the notation in question was first written on the check and that no alterations or changes had been thereafter made thereon. The physical appearance of the check supports the statement of Mrs. Browning and the opinion of the expert.

In view, however, of the denials of Mr. and Mrs. Underwood, the question of whether this notation was or was not on the check at the time it was received by Mr. Underwood and cashed by Mrs. Underwood was, in the first instance, for the jury.

In view of the evidence on the subject the jury should have been told by an appropriate instruction that if the check, when Underwood received it, was as it now appears to be, then the giving and acceptance of it would constitute an accord and satisfaction, explaining of course what in law is meant thereby. The acceptance of the check by Underwood, if at that time it had thereon the notation in question, would as a matter of law "determine what was in the minds of the parties at that time."

We do not understand that as a legal prerequisite to a claim of accord and satisfaction there must always be █ an oral argument or audible expression of dissent to evidence an actually existent dispute. Here the evidence clearly shows that when the check was received by him, Underwood knew that the amount thereof was less than he was claiming was then due him. The receipt of the check with this knowledge, of itself constituted a recognized dispute. Browning tendered to Underwood all that he believed he owed him. The notation on the check, if it was in fact there when received by Underwood, advised him of this fact, and the commencement of the action by Underwood against Browning further evidences the recognition by Underwood of the existence of a dispute as to the amount due. Admittedly, whatever if any amount there was due was unliquidated. Unquestionably Browning could not have required Underwood to accept the check and to acquiesce in the offer thereby made, any more than Underwood could accept the check and, disavowing the condition of the offer, keep the money, and without Browning's assent, apply it to his account as he claimed it to be. If the notation appeared thereon when Underwood received and retained the check, which later with his consent was cashed, knowing as he says that the amount thereof was less than the amount then due him, then his acceptance of the conditional offer so made by Browning was in full of all commissions earned and due him to the date of the check, and he could not, by any mental or unexpressed reservation to the contrary, or even by express declaration, avoid its legal effect.

As said in Cooper v Railroad Co, 82 Miss., 634, 35 So., 162, at page 643, quoting from an article by Judge Thompson in 1 Encyc. of Law & Procedure, page 305:

"Where, however, a sum of money is tendered in satisfaction of the claim, and the tender is accompanied by such acts and declarations as amount to a condition that, if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such condition, an acceptance of the money offered constitutes an accord and satisfaction. * * * Where the tender or offer is thus made the party to whom it is made has no alternative but to refuse it or accept it upon such condition. If he accepts it he accepts the condition also, notwithstanding any protest he may make to the contrary."

In the instant case, if the notation appeared on the check when he received it, Underwood was placed exactly in that situation, and it is apparent from what has been said that the trial court committed prejudicial error in not properly charging the jury on the issue of the alleged accord and satisfaction.

What verdict the jury, properly instructed on this issue, will return on a retrial is not determinable in advance thereof, nor may we speculate as to whether such verdict will or will not be manifestly against the weight of the evidence; but in view of our conclusion that the special finding of the jury that the notation "Commission in full to Mar. 5-32" was not on the check when it was received by Underwood is not supported by sufficient evidence, we find that the judgment of the Court of Common Pleas is manifestly against the weight of the evidence.

Because of the errors to which attention has been called, the judgment is reversed and the cause remanded to the Court of Common Pleas for a new trial.

Judgment reversed and cause remanded.

TAYLOR and CARPENTER, JJ, concur.